## OSCAR DUDLEY *v.* MARTHA HARVEY.

1. **ATTACHMENT FOR RENT.** *Replevin. Avowry and justification. Averments.*
A plea to a tenant's declaration in replevin for goods distrained before rent is due is demurrable if it sets out a defective affidavit, under Code 1880, § 1304, although it would perhaps be sufficient if, without specifying the oath, it alleged that the goods were so taken by virtue of an attachment lawfully obtained.

2. **SAME.** *Writ before rent due. Affidavit of landlord.*
A statement, in the words of the statute, that the landlord, when he made oath, believed that the tenant would remove his effects from the leased premises before the rent was due, is not an adequate substitute in such plea for an averment that affidavit was made to that effect preceding the issuance of the attachment.

APPEAL from the Circuit Court of Sharkey County.

Hon. B. F. TRIMBLE, Judge.

Upon the appellee's affidavit and bond, made Nov. 13, 1880, for a prospective indebtedness to her of land rent, a writ of attachment was issued and levied on cotton, which the appellant replevied. His declaration demanded damages for the taking and detention. The appellee avowed the taking, but averred that the cotton was rightfully seized under the attachment which issued upon her affidavit, wherein she claimed rent of the plaintiff, due on Nov. 15, 1880, under a written lease for that year, and also averred, in the language of the statute, that at the time of making the oath she had just cause to sus-

pect, and did verily believe, that he would remove his effects from the leased premises before the rent fell due, so that no distress could be made therefor. A demurrer, which assigned the failure to allege that affidavit was made embodying the latter averment, being overruled, the appellant traversed the plea, and there was a verdict against him.

*Lowry & McLaurin*, for the appellant.

The appellant was entitled to recover unless the attachment was according to the statute, Code 1880, § 1304, which prescribes the remedy before the rent becomes due. It is purely statutory, and must be strictly pursued. A material error will vitiate the proceeding. Taylor's Landlord and Tenant, § 579 *a.* Our statute alters this rule to the extent only of relieving against irregularities after seizure. Code 1880, § 1310. Affidavits, like the one in this case, are applicable only when the rent is in arrear. *Hartsell* v. *Myers*, 57 Miss. 135. No offer to amend was made, if indeed it was admissible. Without the required oath, the levy was unauthorized; and thus at the threshold of this proceeding for rent lies its fatality.

*Miller & Hirsh*, for the appellee.

Under the Act in Relation to Landlord and Tenant, Code 1880, c. 50, it is sufficient for the distrainor to allege a seizure for rent under an attachment regularly issued, without reference in his plea to the affidavit. That is a matter of evidence upon an issue concerning the legality of the distress. 6 Robinson's Prac. 554. But if technically the affidavit should be set out, no harm resulted from overruling this demurrer, for the legality of the attachment was open for trial on the tenant's traverse. Error must not only be shown, but it must have prejudiced the appellant to justify a reversal. Powell on Appellate Proc. 125. If the tenant's conduct justified the landlord's belief that he would remove his effects, it would seem that regardless of the form of the affidavit, the distress should be maintained. That proposition is however unnecessary to the decision of this case, since the affidavit is not before the court.

*Nugent & McWillie*, on the same side.

The appellee had, in fact, cause to apprehend danger as alleged in her plea, and she could have accordingly amended

her affidavit. This was, however, unnecessary, for objection was made only by demurrer after avowry and justification. The writ had accomplished its office. Recovery depends upon the facts stated in the avowry, and not on the affidavit. Taylor's Landlord and Tenant, § 755. When the tenant executes bond the distress is discharged, and an action of replevin substituted. *Towns* v. *Boarman*, 23 Miss. 186. An attachment for rent, under Code 1880, c. 50, is not a suit, but a mandate in the nature of execution. If disputed, the landlord makes his avowry, and sets forth his justification, and on the issue made by the tenant's traverse the case goes to trial.

CAMPBELL, J., delivered the opinion of the court.

The statute (§ 1304 of the Code of 1880) entitles the landlord to an attachment for rent before it " will fall due," on his making the prescribed oath and giving the bond required. Making oath and giving bond as required are conditions precedent to the issuance of the attachment, without which it will be illegal, and will not be a justification for taking goods of the tenant. In defence of replevin by the tenant for the goods seized, the landlord can justify the seizure only by an attachment for rent duly obtained according to law, and if he fails to do this, the plaintiff in the replevin will be entitled to a judgment. The landlord must not only have a right to an attachment for rent, but he must proceed according to law in the employment of the summary and extraordinary remedy provided for the enforcement of his right. It is not enough that the conditions exist which entitle him to the attachment, but he must do what the law exacts as the foundation for its issuance. It is not allowable to obtain the process without the required oath, and in answer to the declaration in replevin by the tenant to justify the taking of the goods, not by virtue of the process, but by the facts existing when the attachment was issued, and on which, if oath had then been made of them, a valid attachment might have been obtained. Nothing but a rightful seizure of the tenant's goods by virtue of a lawfully issued attachment can withstand the complaint of the tenant that his goods have been wrongfully taken by the landlord.

In this case the lessor attempted to justify the seizure of the

goods of the tenant by virtue of an attachment for rent not due when the attachment was issued, and undertook to set forth by averment the affidavit she made to procure it, and failed to show that she had complied with the law in laying the necessary foundation for an attachment in such case. It is true that the avowry alleges that when the attachment was issued there existed the conditions of fact on which, " on making oath thereof," and giving bond, an attachment would have been lawfully issued, but it does not show that oath was made of the existence of those conditions, and that the law was complied with. The avowry was therefore insufficient. It attempts to justify the seizure of the tenant's goods, and fails to show a valid attachment authorizing such seizure. It describes the affidavit made for the attachment, and shows it to have been insufficient to procure its lawful issuance.

It may be suggested that, as the avowry alleges that at the time of issuing the attachment there did exist a state of facts on which the lessor was entitled to obtain an attachment, it should be upheld because of those facts, although the lessor did not make oath thereof in order to procure the attachment. But the answer to this is that the law, in providing an efficient remedy for the lessor to collect rent, has sought to protect the tenant against wrong, by prescribing the terms on which the landlord may employ the summary remedy it allows, and a departure from the terms prescribed by law cannot be permitted without injustice to the tenant, who has the right to demand that he shall be proceeded against strictly according to law. At common law the landlord was held strictly to his rights. Any deviation made him a trespasser, and any subsequent irregularity in dealing with the subject of the distress made him a trespasser *ab initio*. The remedy of attachment provided by our statute is a substitute for the common law distress of the landlord, and the statute must be strictly pursued. The rule of the common law that subsequent irregularity or illegality made the distress unlawful and the party distraining a trespasser from the beginning, has been abrogated by the statute (§ 1310 of the Code), but there is nothing to suggest any relaxation of the strictness with which the landlord distraining should be held to an observance of

the law authorizing his procedure. On the contrary, as the common law right of the landlord to seize the goods of his tenant without legal process has been abrogated by statute, and a statutory remedy has been substituted for the better protection of the tenant against wrong at the hands of his landlord, we but carry into effect the spirit and purpose of the law in holding the landlord to strict conformity to the statute in distraining the goods of the tenant by the instrumentality of the process of attachment for rent.

The mistake by which the wrong affidavit was made, and the attachment was therefore illegally issued in this case, is to be regretted, but it is chargeable to a failure to observe the provisions of the law conferring the right in certain states of case to an attachment for rent before it becomes due. The statute is plain, and the form of affidavit to be made in such case is prescribed (§ 1347 of Code), so that it would seem that mistake could hardly occur in commencing the procedure. It is held in *Webber* v. *Shearman*, 6 Hill, 20, that an avowry need not show that the distress was made by an officer, or that any affidavit was made, even when such affidavit is required by statute, because it does not form any part of the pleadings. Under our statute (§ 1358 of the Code of 1880), the avowry should set forth the attachment, *i.e.*, it should put forward the attachment, and take shelter under it as the justification of the seizure complained of by the plaintiff in the replevin. It is admissible for the avowant to aver a taking of the goods for rent by virtue of an attachment lawfully obtained, without averring the fact of the particular oath made to procure it or the giving of a bond as required. The statement of a taking under an attachment for rent due or to become due under a given lease, may be held to satisfy the statute; for a general averment of an attachment for rent lawfully issued, would import all the valid requisites of such process, and the plaintiff in replevin, if desirous of contesting the legality of the attachment, would have to plead to such an avowry the particular facts relied on to show its illegality. But in this case the avowry contains a statement of the oath made by the avowant to procure the attachment, and shows it to have been insufficient, and therefore the avowry was

demurrable. Attempting to justify the taking of the goods, and going into the particulars of the issuance of the attachment, it displays its illegality and consequent insufficiency to warrant the taking of the goods. " If the pleader set out an affidavit, and it appear to be defective, . . . the avowry may . . . be attacked by a demurrer, whether the allegation be necessary or not. By attempting too much, and doing the extra work defectively, the party discloses the vice which must otherwise have awaited an exhibition in some other form or at a more appropriate stage of the proceeding." *Webber* v. *Shearman*, 6 Hill, 20.

The demurrer to the avowry should have been sustained, and for the error in overruling it the judgment will be

*Reversed.*