## W. W. PAYNE, EXECUTOR, v. HENRY STOVALL.

1. ATTACHMENT FOR RENT AND SUPPLIES.  *Validity.  Mere irregularities.*
   Objections to an attachment for rent and supplies that the affidavit by the landlord which recites the term of the lease, fails to state the date of maturity of the debt, and that the bond was not dated or indorsed approved, the writ reciting that bond and security were given, are frivolous.

2. SAME.
   So also are objections that the original writ, not being dated or formally attested, both it and the branch writ were void, and that the bond through mistake recited that the leased premises were in the second judicial district of the county, instead of the first, where the attachment was sued out. *Dudley* v. *Harvey,* 59 Miss. 34, distinguished.

FROM the circuit court of the first district of Chickasaw county. HON. LOCK E. HOUSTON, Judge.

On the 12th of December, 1887, in the first district of Chickasaw county, appellant made affidavit, and sued out an attachment against the appellee, Stovall, for $250, rent alleged to be in arrear, and $250 for supplies advanced the said Stovall as tenant, "during the year 1887." The affidavit did not state when the rent or supplies became due, but alleged that the term commenced January 1, and ended November 1, 1887. On making the affidavit, the landlord gave bond with sureties, as required by the statute, in the sum of $1000, dated "the —— day of December, 1887." The bond recited that the leased premises were situated in the second district of the county, whereas they were in the first. On the same day a writ was issued directed to the sheriff of Chickasaw county, and a branch writ was issued to Monroe county. The first-mentioned writ was not dated, but the other was, and both recited that bond

had been given according to law. Property was levied upon by both writs, and the tenant gave a replevin bond for the same. Declaration was filed in the circuit court, and an issue was made up to try the legality of the distress. Plaintiff, Stovall, proved his title to the property attached, and damages resulting from the attachment. The landlord offered in evidence the attachment proceedings, when they were objected to on the following grounds:—

1. Because the affidavit does not show date when rent and supplies became due.

2. Because writ to Chickasaw county was not dated, and did not conclude, as in the statutory form, "witness my hand," etc.

3. Because the attachment bond is not dated, and improperly recites that the demised premises are located in the second district of the county.

4. Because the writ issued to Chickasaw, not being dated, was fatally defective, and that to Monroe, being an alias writ, must also fail.

The court sustained the objections and excluded the proceedings from evidence. Thereupon the landlord asked leave of court to amend the proceedings and to give a new bond with good sureties, which was refused. Other testimony was offered and excluded, but it is not necessary to set the same out.

Thereupon, all of the landlord's testimony being excluded, under instruction of the court, the jury found in favor of the plaintiff that he retain the property and recover of the defendant $91, damages for the wrongful suing out of the attachment. After motion for new trial overruled, the defendant appealed.

*Orr, Lacey & Orr*, for appellant.

The execution of the replevin bond by the tenant was a waiver of all irregularities.   *Carr* v. *Coopwood*, 24 Miss. 256.

*Dudley* v. *Harvey*, 59 Ib. 34, relied on by opposite counsel, is not applicable here.

In any event defendant should have been allowed to amend.

*W. D. Frazee* and *Miller & Baskin*, for appellee,

Filed briefs, discussing at length the validity of the attachment

proceedings, and holding that they were fatally defective under the authority of *Dudley* v. *Harvey,* 59 Miss. 34.

CAMPBELL, J., delivered the opinion of the court.

The objections to the attachment proceedings were frivolous, and should not have been sustained.

We adhere to *Dudley* v. *Harvey,* 59 Miss. 34, but this case does not present a single feature of that.

*Reversed and remanded.*