JOSEPH LAVIGNE *v.* EDWIN F. RUSS et al.

ATTACHMENT FOR RENT: REPLEVIN BY A STRANGER.—If a stranger replevy property distrained for rent, under the provisions of the Act of 1822 (Hutchinson's Digest, 811, § 16), the landlord must allege in his avowry, and establish by

proof on the trial, that the rent distrained for is due and in arrear. See *Southall* v. *Garner*, 11 Leigh. R. 372.

ERROR to the Circuit Court of Hancock county. Hon. William M. Hancock, judge.

*W. P. Harris* and *W. A. Champlin*, for plaintiff in error.

*Yergers* and *Anderson*, for defendants in error.

SMITH, C. J., delivered the opinion of the court.

It appears, from the record in this case, that an attachment for rent, issued at the instance of the appellees, was levied on a certain slave as the property of A. M. Bellonard. The slave thus distrained was claimed by Joseph Lavigne, the appellant, and was by him replevied, under the provisions of the statute. At the return term of the writ, Lavigne filed his declarations in replevin, setting forth that the appellees had sued out "an attachment for rent, alleged to be due to them, and in arrear, by one A. M. Bellonard, to the amount of $700, or thereabout;" that said attachment was levied on a certain slave, as the property of the said A. M. Bellonard; and alleging that the said slave so levied on was, at the time, and for a time previous thereto, the property of the plaintiff, and not liable to the distress.

The appellees, in their answer to the said declaration, averred that the said slave, levied on in virtue of their attachment sued out against the said A. M. Bellonard, was, at the time of hiring out the same, her property and was liable for the debt or rent so due and in arrear. To which the appellant replied, taking issue upon the allegation, that the said slave was the property of the said A. M. Bellonard, and liable for the rent alleged to be due and in arrear.

A trial being had before a jury, the issue thus joined was found in favor of the appellees; and judgment for $1400, being double the amount of rent distrained for, was entered against the appellant. A motion for a new trial was made, which was overruled; a bill of exceptions was filed, and this writ of error prosecuted.

Numerous objections are urged to the judgment; but as it may

be necessary to notice only a part of them, we will not follow the order in which they are assigned, but will direct our attention, first, to the more prominent.

The answer, or avowry, if it may with propriety be characterized by that term, set up no claim or demand for rent, as against Madame Bellonard, the party alleged to be the owner of the slave upon which the attachment was levied. On the trial, no evidence whatever was offered to prove, or which tended to prove, that the avowants held a debt or demand for rent against Madame Bellonard, for which, under the statute, they were entitled to distrain. It is, hence, insisted, that without the proper allegations and averments to charge Madame Bellonard for rent in arrear, and without due proof of the existence of such demand, it was error in the court to render any judgment, particularly a judgment for double the supposed amount of the rent due and in arrear, upon the verdict of the jury.

The rights of the parties in this case, we apprehend, are governed by the Statute of the 10th of June, 1822, Hutch. Dig. 808. And it is not contested that, in an action of replevin, instituted under the fifteenth section of that act, it is incumbent upon the avowant, before he can be entitled to a judgment against the plaintiff, to set forth, by proper allegations and averments, his title to the rent demanded, and for which he had caused an attachment to issue; and to sustain such allegations and averments by legal and sufficient evidence.

But it is contended that a different rule applies in cases in which a third party, claiming goods distrained for rent, proceeds under the provisions of the sixteenth section of the same statute. In such cases, it is said that the plaintiff in replevin has nothing to do with the claim for rent on the part of the landlord against his tenant; that the issue involves simply the title of the plaintiff, to the goods taken under the distress, and which he has replevied, and if decided against him, judgment will be entered against him for double the amount of the rent distrained for.

We do not agree with this construction of the statute. It seems evident, that where goods, distrained for rent, are replevied by a stranger, the law intended that he should take the place of the lessee; certainly, that he should not be placed in a worse condi-

tion. The same bond is required in both cases; and in case of failure, the same judgment is rendered against the party who claims the goods, which is rendered against the lessee who claims the rent. No reason founded on common sense, or public policy, requires that different rules should be applied to the two cases. Unless, in such cases, a party claiming the goods taken under distress, can be held to have admitted the justice and amount of the landlord's claim for rent—and there is no pretence here for such an assumption—the doctrine contended for, would be a clear de parture from the rule held in all analogous cases. As for example, in trials of the right of property under attachments and executions. Indeed, it would be a species of injustice, as well as an absurdity, as in this case, if a person were permitted, without allegation or proof of any kind whatever, that a wrong had been inflicted upon him, or that a right was withheld from him, to recover a judgment in a court of justice. The construction which we here adopt is the same which is applied, in Virginia, to a statute which, if not identical in language, is in substance the same as our own. *Southall* v. *Garner*, 11 Leigh. 372.

We think, therefore, it was error in the court, to enter judgment on the verdict. And for this error the judgment must be reversed, and the cause remanded for a new trial, with leave to amend the pleadings.

As the pleading on the part of the avowants must be amended, so as to present the proper issues in a proceeding, under the statute, of this character, we deem it unnecessary to notice any of the remaining exceptions.