## Case No. 665.

### AUSTIN v. O'REILLY.

[2 Woods, 670;[1] 12 N. B. R. 329; 2 Cent. Law J. 455; 1 N. Y. Wkly. Dig. 36.]

Circuit Court, S. D. Mississippi. May Term, 1875.[2]

BANKRUPTCY—LIENS PROTECTED—RENT—ATTACHMENT.

1. All liens, except such inchoate ones as arise upon an attachment, are protected by the bankrupt law.

2. The right to distrain for rent does not give the landlord, strictly speaking, a lien upon the goods subject to distraint.

3. But such right may fairly be classed as a lien, within the intent and meaning of the bankrupt act.

4. In Mississippi, the landlord is obliged to sue out an attachment for the purpose of effecting a distress for rent, but when the attachment is sued out, his rights are the same as those of a landlord at common law.

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

[2] [Reversing Austin v. O'Reilly, Case No. 664.]

5. Although the high court of errors and appeals of Mississippi has held that the landlord's right does not constitute a lien, and that a bona fide mortgage or sale will displace it, nevertheless, these decisions are not sufficient to deprive the landlord, in bankruptcy proceedings, of his right of priority of payment over the general creditors, out of the proceeds of goods subject at the time the proceedings in bankruptcy were commenced, to his right of attachment.

[Petition of review to revise an order of the district court of the United States for the southern district of Mississippi, sitting in bankruptcy.

[In bankruptcy. Petition by J. E. Austin against H. E. O'Reilly, assignee of Steele & Co., to have paid to him, as a preference, a claim alleged to be due for the rent of a plantation leased by Austin to Steele & Co. for the year 1871. The petition was refused by the district court in Austin v. O'Reilly, Case No. 664. On petition of review, this decree was reversed.]

E. D. Clark, for petitioner.

W. B. & A. B. Pittman, for assignee.

BRADLEY, Circuit Justice. This case depends on the question, whether, in the state of Mississippi, a landlord, whose tenant becomes a bankrupt before any attachment has been issued for rent, is entitled to priority of payment over the general creditors. This question must be decided in view of the provisions of the bankrupt law, and the peculiar rights of landlords, in reference to enforcing payment of rent in Mississippi. The bankrupt act (section 14) declares that the assignment shall relate back to the commencement of proceedings in bankruptcy, and that by operation of law, the title to all property and estate, both real and personal, of the bankrupt, shall vest in the assignee, although attached on mesne process, and shall dissolve any such attachment made within four months next preceding. The inchoate lien obtained by an attachment, and not perfected by judgment, is thus rendered null by the proceedings in bankruptcy. But perfected liens are protected. It is provided by the same section that the assignee, under authority of the court, may redeem or discharge any mortgage, pledge, deposit, or lien, and tender performance of the condition thereof, or sell the property subject thereto; and section 20 of the bankrupt act provides that when a creditor has a mortgage, pledge, or lien, for securing his debt, he shall be admitted as a creditor against the general estate only for the balance due him after deducting the value of the property on which he has such security, unless he consent to release it.

These provisions show that all liens, except such inchoate ones as arise upon an attachment, are protected by the law. But how do these provisions operate upon the peculiar lien, or right of distress, given to a landlord for his rent? That right, at common law, was founded on the principle that the landlord retained his ownership, not only in the

land, but in so much of the produce thereof as was reserved by him for its use. Such reserved portion, or reditus, was considered as belonging to him by virtue of his original ownership; but not being separated from the rest of the profits, he could only seize a reasonable amount as a distress or security to compel the payment or appropriation of his stipulated portion. When the render consisted of personal service, such service was regarded as in lieu of the profits of the land, to which, until the service was rendered, the landlord's qualified property and right of distress extended, as in case of actual rents. The legislature afterwards extended the right of distress to other things besides the profits of the land; and, as far as the right extended, the principle of the latent or qualified property of the landlord in the subject of distress accompanied it. Other legislation enabled him to sell the goods distrained, in order to realize the amount of his rent, if the tenant proved refractory. In some states it is provided that, instead of making the distress himself, the landlord must procure a warrant from a magistrate or court, to be executed by an officer. But this regulation of the mode of exercising his right does not affect the nature of the right itself.

It is common to call the right a lien, and yet it is not strictly such; for it does not attach to any specific article of property. The tenant, if a farmer, may, in due course of business, sell produce or cattle or other things; and if a merchant, he may in the same manner sell merchandise; and the sales, if made in good faith, will be valid, and the property sold will be free from the landlord's right of distress, if removed from the demised premises, and, in most states, without such removal. But if the sale be made for the purpose of depriving the landlord of his right, he may, by the English statutes and by the statutes of most' states, follow the property within a reasonable time after its removal. Now if the landlord's rights were a strict lien, no valid sales could be made at all. Still, being commonly called a lien, and being a peculiar right in the nature of a lien, which is greatly relied on as an essential condition of all leases, and the subversion of which would work great injustice, and would in the end operate prejudicially to the interests both of the tenants and their creditors, by inducing landlords to require onerous conditions for their security, the supreme court of the United States, and most of the district and circuit courts, have regarded it as fairly to be classed as a lien within the true intent and meaning of the bankrupt act, and have allowed the landlord a priority over the general creditors to the extent of the goods subject to his right of distress. This right of the landlord has been regarded as peculiarly entitled to priority when by statute an execution creditor of the tenant is prohibited from removing the goods until he has paid the landlord's rent, or a reasonable amount (generally a year's rent), which may have accrued. Thus in Longstreth v. Pennock, 20 Wall. [87 U. S.] 575, the supreme court places special emphasis on this fact.

In Mississippi, it is true, the landlord is obliged to sue out an attachment for the purpose of effecting a distress for rent; but when the attachment is sued out, his rights are the same in effect as those of the landlord at common law. That they are founded on and grow out of those rights is evident from the fact that he is not compelled to pursue his claim to judgment like other creditors. The attachment in his case is in the nature of an execution; or, more properly speaking, of a distress. He has the same right of priority over execution creditors, and the same right to prevent the removal of goods and to follow goods clandestinely removed, which exists in England and most of the other states. It is true that the supreme court of this state has held that the landlord's right is not a lien; and that a bona fide mortgage or sale by the tenant will displace it. I do not think, however, that these decisions are sufficient to deprive the landlord in bankruptcy proceedings of his just right of priority over the general creditors. They gave credit with the understanding that the landlord's right was superior to theirs. He, therefore, has an equity to be preferred. With regard to them, he stands in precisely the same position and invested with the same rights, as if his common law right of distress remained. A decree will be made, declaring the right of the landlord to be preferred before the general creditors upon the proceeds of all goods subject to his right of attachment, at the time the proceedings in bankruptcy commenced.