## ROBERT C. PATTY v. LAVINIA A. BOGLE.

1. LANDLORD AND TENANT. *Distress. Assignment of term.*
   Goods on leased premises, if purchased from the lessee by an assignee of the term, cannot be reached by a distress-warrant against the lessee for rent accruing after the assignment.

2. SAME. *Effect of assignment. Privity of contract.*
   There is no privity of contract between the lessor and assignee, and under Code 1880, § 1317, distress against a tenant cannot reach upon the leased premises goods of a person not bound by contract to the landlord for the rent.

3. SAME. *Distress-warrant. Privity of estate.*
   After assignment there is no privity of estate between the lessor and lessee, and this by the common law as modified by the statute (Code 1880, § 1308) is generally essential to a valid distress for rent.

4. SAME. *Effect of statutes. Code 1880, §§ 1317, 1308.*
   It seems that a distress-warrant would run against the assignee who is in privity of estate with the landlord, and could be levied on the premises upon goods of the lessee who continues bound for the rent by his contract.

5. SAME. *Assignment of term. When valid.*
   Whether the lessee can always assign his term, unless prohibited by the lease, or whether he can never assign it without the landlord's consent, *quære?*

6. SAME. *Lien for rent. Sale by tenant of his goods.*
   The landlord has no lien upon the tenant's property which will take effect against a person who purchases it before the levy of the writ.

APPEAL from the Circuit Court of Noxubee County.

Hon. JAMES M. ARNOLD, Judge.

*R. G. Rives*, for the appellant.

The appellee, by her purchase from Smith, acquired no title to the property superior to the appellant's attachment for rent,

for she did not buy in good faith without notice of the land-lord's claim. *Cooper* v. *Baker*, 54 Miss. 637. But further, at common law, all goods found on the leased premises, even those of a stranger, were liable to distress. Our statute, Code 1880, § 1317, modifies this so as to make liable only the ten-ant's goods, or those of some other person who is bound for the rent. As the appellee is so bound, the goods are liable whether she had notice or not. *Harris* v. *Frank*, 52 Miss. 155. It is clear therefore that the property in question, whether it was Smith's or the appellee's, was liable to Patty's attachment for rent, and the judgment should be in his favor.

No counsel for the appellee.

COOPER, J., delivered the opinion of the court.

The appellant, Patty, leased to one Smith certain premises in the town of Macon for the term of one year, at a rent of thirty dollars per month, payable monthly. Smith occupied the property for one month, and then assigned the balance of his term to the appellee. At the date of the assignment of the term Smith was indebted to Patty for one month's rent, which he subsequently paid. The appellee having occupied the premises for five months, during which time neither she nor Smith paid the rent, the appellant sued out an attachment for the rent due, and levied it upon certain household furni-ture which had been sold by Smith to her, and which had remained continuously upon the premises from the beginning of the term. The appellee interposed a claim to the property seized, and on the trial of the issue there was a judgment in her favor.

The remedy for the collection of rent by distress, as it ex-isted at common law, does not prevail in this State, but in lieu thereof there is allowed to the landlord a statutory, sum-mary proceeding, which is instituted by the landlord making an affidavit before a justice of the peace that his tenant is indebted to him for rent due and in arrear, and describing in the oath taken by him the premises on which the rent is due. Upon making this oath, and executing bond with security in double the amount of his claim payable to the tenant, and con-ditioned to pay all damages caused to the tenant if it shall

appear that the warrant was wrongfully issued, a distress-
warrant is issued by the officer, commanding the sheriff to
attach the property of the tenant for sufficient to pay the rent
claimed.   While the statutory remedy is wholly in exclusion
of the common-law right of distress, the existence or non-
existence of the relation of landlord and tenant is still to be
tested by the rules of the common law as they have been
modified by the statute.   To determine when the right to an
attachment for rent exists, we look to the common law and
the statute; to determine how this right is to be exercised, we
look to the statute alone.

The relation of landlord and tenant as originally known was
a part of the feudal system, and arose from a donation of the
term by the lord, in consideration of services to be rendered
by the tenant.   The failure of the tenant to perform the
services annexed to his estate resulted in a forfeiture of the
term, which was taken advantage of by the entry of the land-
lord, who thereby became reinvested in all his rights in the
property as they existed before the donation to the tenant.
The remedy by distress was borrowed from the civil law, and
substituted for the more rigorous right of entry to avoid the
lease.   Instead of the term being forfeited by the neglect of
the tenant, the land and its profits were considered as pledged
to secure the rent, and therefore the lord in making distress was
doing no more than taking into his possession the pledge for
his debt, and, as he was therefore but possessing himself of his
own, no proceeding at law was necessary to authorize the
seizure.   Gilbert on Rents, 1; Taylor's Landlord and Ten-
ant, §§ 556, 557.   This right of distress did not exist in favor
of the landlord as creditor against the tenant as debtor, but in
favor of the lord as lord against the tenant as tenant; it grew
out of, was incident to, and was dependent upon the privity
of estate existing between them, and could not be resorted to
by one to whom the lord had assigned the rent, nor by the
lessor after he had assigned the reversion.   Taylor's Land-
lord and Tenant, § 568.   Nor could the lord himself distrain
after the expiration of the term.   If, therefore, the rent was
due on the last day of the term, no distress therefor could
be made, for the tenant was entitled to all that day in which

to pay the rent; and as the right to distrain arose and the termination of the term occurred at one and the same moment, the distress could not be executed during the term, and after its expiration there was no privity of estate existing to uphold its levy. Taylor's Landlord and Tenant, § 572. To remedy this evil, it was provided by the statute of 8 Anne, c. 14, that a distress might be levied within six months after the expiration of the term. To the same effect is the Code of 1880, § 1308, which provides that a distress may be levied within six months after the expiration of the term, if made during the continuance of the landlord's title or interest, *and during the possession of the tenant.* It is thus apparent that under our statute, as at common law, the distress must be levied while the privity of estate continues between the parties, save only in cases covered by this section of the Code.

This privity of estate which exists between the landlord and the tenant, and which is necessary to support a proceeding by distress, is destroyed by a valid assignment of his term by the tenant; for the assignee, holding the estate which the tenant before had, is himself in privity with the landlord, and is liable to him on all the covenants of the tenant which run with the land; but there is no privity of contract between the landlord and the assignee, and the tenant after assignment, as before, continues liable to the landlord on his contract. Taylor's Landlord and Tenant, §§ 436, 437. The assignment destroys the privity of estate existing between the landlord and tenant, and with it destroys all remedies against the tenant arising from this privity of estate, the assignee by the assignment comes into privity of estate with the landlord, and is subjected to all obligations incident to such privity. The assignment does not destroy the privity of contract between the landlord and the tenant, nor transfer the same to the assignee; and therefore the tenant continues bound on the contract as before, and the assignee is not liable thereon. Taylor's Landlord and Tenant, § 620. At common law, as we have said, the landlord might recover his rents by distress, but this was rather a proceeding against the land than against the person; in addition, however, to this remedy, he might proceed in an action at law, either in debt for the rent or in covenant on

the contract.  Debt was maintainable against the lessee before assignment by him of his term, and against his assignee after such assignment, for the right to this action was dependent upon the privity of estate ; covenant could be brought against the tenant either before or after the assignment, but never against the assignee of the term, for this was dependent upon the contract.  In Taylor's Landlord and Tenant, § 620, it is said that after assignment of the term by the lessee, the land-lord might sue the lessee and the assignee jointly in debt for the rent, but for this he cites Comyn's Dig. Debt E.  In Comyn it is said that if a lessee assigns a moiety of the land for the whole term the lessor, if he will, may maintain debt against the assignor for a moiety of the rent, citing 2 Lev. 231, or proceed in a joint action against the lessee and assignee, citing Cro. Jac. 411.  Upon examination of the latter case (*Ipswich* v. *Martin*), it is found to be a case in which there was a lease to *two* jointly, and an assignment by *one* of his interest in the term ; suit was brought against the remaining lessee and the assignee of the other, and it was held that the lessees could not by assignment force the landlord to bring two sev-eral suits when his right of action was joint under the lease. The decision therefore is that the landlord may sue *one* of two joint lessees and the assignee of the other jointly, and not that he may sue the lessee and *his* assignee jointly.  On prin-ciple it is clear that this could not be done, for the action was dependent upon the privity of estate, and both the tenant and his assignee could not at one and the same time be possessed of the same term.  A distress for rent under our statute, like the distress and action of debt at common law, is permitted only against one in privity of estate with the land-lord, except in the case in which it is allowed after the expira-tion of the term by § 1308 of the Code of 1880.

Whether it be true, as stated in 1 Wash. Real Prop. 442, that a tenant may always assign his term when not prohibited by the lease, or that he cannot assign without the consent of the landlord, as stated by Taylor on Landlord and Tenant, § 438, we do not find it necessary to decide in this cause, for though it is clear that Patty might have treated the appellee as his tenant, by reason of the assignment of the term to her

by Smith, he did not do so, but sued out his warrant against Smith.

It is settled that the landlord has no lien upon the property of his tenant, which will take effect as against a purchaser from the tenant before levy of the writ. The property seized, then, was not liable to the distress, even if it was properly sued out against Smith, unless it was subject by reason of § 1317 of the Code of 1880, which declares that " no goods or chattels found, or being in or upon any demised premises, and not belonging to the tenant, *or to some person bound or liable for the rent of said premises*, shall be liable to be distrained for the said rent." Was the appellee liable or bound for the rent? She was the assignee of the term, and therefore liable for the rent if proceeded against by the landlord, but if Smith and not she was the tenant, then there was no privity of estate between Patty and herself, and on no other ground than its existence could any liability attach to her. The appellant's right to subject the property seized under the warrant is opposed successfully by one or the other of these propositions. If Smith was the tenant, the appellee was not, and not being the tenant could not be proceeded against, nor was she bound or liable for the rent, and therefore her property could not be seized under § 1317 of the Code. On the other hand, if the appellee was the tenant, then the warrant was sued out against one not in privity with the landlord, and was therefore unauthorized and void, and nothing could be lawfully taken thereunder. Section 1317 of the Code is applicable only in cases where some other person than the tenant is bound by contract to the landlord for the rent, in which case the goods of such person found on the premises can be seized under a warrant against the tenant. If the warrant in this case had been sued out against the appellee, then the goods of Smith found upon the premises could have been seized, as notwithstanding the assignment of his term he continued bound on his contract to the landlord.

*Judgment affirmed.*