· Daniel H. Smith *v.* John A. Jones, Trustee.

1. **Attachment for Rent.** *Right of Mayor as Justice of Peace to issue.* § 1302, *Code* 1880, *construed.*

Section 1302, Code 1880, provides that if any lessor of lands shall make complaint "before any justice of the peace of the county where such lands are situated that his tenant is indebted to him for rent due and in arrear on such leased premises, specifying the amount due, and shall give bond and security, such justice shall issue an attachment against the goods and chattels of such tenant, directed to the sheriff or any constable of the county, commanding him to distrain the goods and chattels of such tenant," etc. Under this statute, which is independent of the other statutory provisions relating to justices of the peace, the mayor of a town who is *ex officio* a justice of the peace (as well as any other justice of the peace of the county). may issue an attachment for rent, to be executed in any part of his county, without reference to the district in which he was elected, or to the district in which the tenant may reside, or the district in which the leased premises may be located, or to any other consideration.

2. **Same.** *Nature and progress of the proceedings thereon.*

An attachment for rent, under the statute above quoted from, is not the commencement of a suit, but is intended to be executed without the intervention of a court, unless its operation is arrested by the tenant or a third person claiming the property distrained, either of whom may replevy the same; when, in either case, the writ and bond must be returned, either to the Circuit Court or to the magistrate who issued the writ, according to the amount of the claim and value of the property. When the property is thus replevied, a suit is for the first time commenced, the tenant or third person being plaintiff and the landlord defendant.

3. **Same.** *Pleadings in case based thereon.*

The plaintiff in such case, if in the Circuit Court, should file a declaration, as in other cases, and the defendant should reply, either by a denial of the taking of the property, or, if the taking be not deniable, by an avowry of his right to seize the property under the attachment.

Appeal from the Circuit Court of Claiborne County.

Hon. J. B. Chrisman, Judge.

In September, 1886, D. H. Smith sued out an attachment for rent against J. C. Smith, alleging that $425 was due and in

arrears, before the mayor of the town of Port Gibson, and *ex officio* justice of the peace of Claiborne County; and caused the same to be handed to the sheriff, and by him levied on certain property found on the demised premises. The premises were in Claiborne County, but not within the corporate limits of the town of Port Gibson.

John A. Jones, trustee, sued out a writ of replevin, and filed his declaration thereon in the usual form, in which he claimed the property and denied the right of Smith thereto. The sheriff returned the writ of attachment to the Circuit Court.

The defendant in replevin, D. H. Smith, pleaded " that he is not guilty of taking or detaining the said goods and chattels of the said plaintiff in his said declaration mentioned, in manner and form " as therein alleged, and gave notice that he would claim and show damages for the wrongful suing out of the writ of replevin.

On motion of the plaintiff in replevin, John A. Jones, trustee, the affidavit and writ in attachment were quashed and the suit dismissed, and judgment rendered for the plaintiff in replevin. The defendant, Smith, appealed.

*E. S. Drake*, for the appellant.

Section 1302, Code of 1880, limits the jurisdiction of justices of the peace, for the purpose of issuing attachments for rent, only to the county where the demised premises are located. The demised premises in this case are located in Claiborne County, and the mayor was an *ex officio* justice of the peace of Claiborne County. To limit Section 1302 by Section 2191 is illogical and without the reason, and in direct violation of the reason, underlying both sections. The two are harmonious and both founded on reason and common sense, if construed according to the clear intent of the language of each. But when you undertake to say that the words " any justice of the peace of the county " means any justice of the peace of the supervisor's district, then the reason of both is destroyed, and they become mere legislative *dicta*.

*J. K. McNeeley*, for the appellee.

The office of mayor of an incorporated town is a creature of the legislature, and the duties, powers and jurisdiction are de-

fined by the act of incorporation. Certain boundary lines fix the territorial jurisdiction of the mayor, and the usual act conferring upon him the general jurisdiction of justices of the peace of the county defines and limits his jurisdiction in civil suits and criminal matters.

The mayor is a justice of the peace with a circumscribed jurisdiction limited to the boundary lines as set forth by the act of incorporation. His court is an inferior court as provided for under the constitution, Act 6, § 24. He has the powers of a justice of the peace of the county within this limited territorial jurisdiction.

Persons and property outside of the limits of such territorial jurisdiction cannot be subject, nor subjected to his authority, and any attempt to exercise such authority beyond the territorial limit is unlawful, and the act void. So a writ issued by him to take effect on person or property not within his jurisdiction is of no force, is illegal, and will be quashed on motion before the proper court.

Since his authority is necessarily limited to his bailiwick, he has no power to issue an attachment for rent where the premises leased, and the tenant, both are beyond his jurisdiction.

The affidavit is the first step in the proceedings, and under the decision in *Cassedy* v. *Mayer*, might properly have been made before the mayor of Port Gibson; but the writ, which is based on the affidavit, should have been issued by some justice of the county who would have jurisdiction to try the issue between the landlord and tenant if the sum sued for was less than 150 dollars.

The writ is the main process, and must be issued by a justice having territorial jurisdiction; such writ being returnable, on replevin by tenant or third party, before the justice who issued, under Section 1312, Code 1880, and not before the officer who took the affidavit.

This affidavit might have been made before any of the officers enumerated in Section 2294, Code 1880. 64 Miss., 356.

The writ is in the nature of an execution, and is not returnable to any court; the affidavit being in the nature of a judgment.

The writ is a precept directed to the proper officer, directing him to take the property and sell it, etc.   This is the end of the proceedings, unless the tenant or claimant replevin.   It is then returned to the justice who issued it.   The amount claimed in the affidavit, or the value of the property seized, is not more than one hundred and fifty dollars.

The power of a mayor in such case is fully settled in *Vannison* v. *Stanton*, Walker's Rep., p. 357.

The motion to quash the writ was sustained by the learned judge below, which I submit was correct.

*Vannison* v. *Stanton*, Walker's Rep., 358; *Bell* v. *McKinney*, 63 Miss., 188; *Cassedy* v. *Mayer*, 64 Miss., 356.

ARNOLD, J., delivered the opinion of the Court.

It is not denied that the Mayor of Port Gibson was also a justice of the peace of Claiborne County, or that the preliminary complaint on oath, necessary for the issuance of an attachment for rent, could not properly be made before him; but it is insisted that as the jurisdiction of a justice of the peace is confined generally to the territory of his district, it was not lawful for the Mayor, as justice of the peace, to issue the writ, to run beyond the corporate limits of the town in which he was elected.

This position cannot be maintained.   The Mayor, as justice of the peace, had the same power and authority in the premises, which any other justice of the peace of the county had.   It is the express provision of Section 1302 of the Code, that in proceedings for the collection of rent, complaint may be made before *any justice of the peace of the county*, in which the lands or tenements are situated, and that, upon bond and security being given, such justice shall issue an attachment.   The jurisdiction of justices of the peace, under Section 1302 of the Code, is independent of that conferred upon them by other provisions of the Code, and is not restricted by such provisions or the amendments thereto.   A writ of attachment for rent, issued by a justice of the peace, may be executed in any part of his county, without reference to the district in which he was elected, or to the district in which the tenant may reside, or to the district in which the leased premises may be located, or to any other consideration.

65 MISS.—19.

.An attachment for rent under the Code is not a suit, or the commencement of a suit. The writ is simply a mandate directed to the sheriff or any constable of the county, which any justice of the peace of the county, upon proper showing being made, is authorized to award, by which the sheriff or constable is required to distrain the goods and chattels of the tenant, to an amount sufficient to satisfy the claim of the landlord, and to sell or dispose of the same as prescribed by the statute. The writ is not made returnable to any court. It is in the nature of an execution upon a judgment for the amount of rent demanded, and is intended to be executed, and is executed, without the intervention of a court, unless its operation is arrested by the tenant, or a third person claiming the property distrained. *Towns* v. *Boarman*, 23 Miss., 186; *Canterbury* v. *Jordan*, 27 Id., 96.

If the claim of the landlord is disputed by the tenant, or if the property seized is claimed by a third person, it may be replevied by either; and in either case the writ and bond are required to be returned, either to the circuit court, or to the magistrate who issued the writ, if the amount of the rent claimed and the value of the property levied on is within his jurisdiction. When the property levied on is thus replevied, the proceeding becomes for the first time a suit. A suit is then and there commenced by the party replevying, in which he is plaintiff, and the landlord is defendant; followed by notice being given to the defendant, and by a declaration being filed by the plaintiff, if the controversy is carried to the circuit court; to which the plaintiff pleads by denying the taking of the property or by an avowry; and the pleadings, so begun, are continued until the parties are at issue. If the writ of attachment and replevy bond are returned to the justice who issued the writ, the suit is conducted in the same manner as in the circuit court, except that written pleadings are dispensed with or are not required.

We observe that the general issue pleaded by appellant to the declaration was improper. Unless he denied the taking of the goods, he should have answered by an avowry, alleging his right to seize the goods, and setting forth the attachment, and justifying his action thereunder. Code, Sec. 1358; *Dudley* v.

*Harvey*, 59 Miss., 34; *Lavigne* v. *Russ*, 36 Miss., 326; *Maxey* v. *White*, 53 Miss., 80.   But as no objection was made to the plea in the court below, its insufficiency cannot be availed of here.

The judgment quashing the affidavit and writ of attachment was erroneous, and the judgment is reversed and the cause remanded.