## J. B. PATE v. J. A. SHANNON.

1. LANDLORD AND TENANT.   *Distress.   Nature of proceeding.*

    Distress for rent, not being a judicial proceeding, depends for its validity upon compliance with the statute in making the required affidavit and bond.

2. SAME.   *Code* 1880, § 1302.   *Defective affidavit.   Jurisdiction.   Venue.*

    Section 1302, code 1880, requires the affidavit for attachment for rent to be made before a justice of the peace of the county where the lands are situated. If the affidavit locates the lands in another county, the distress will be void, and, the property being replevied, the affidavit and warrant will not support the avowry of the landlord.

3. SAME.   *Defective affidavit for distress:   Amendment.*

    No amendment of the affidavit upon which a distress for rent has issued, can be made by the courts.

FROM the circuit court of Calhoun county.

HON. C. H. CAMPBELL, Judge.

J. B. Pate made affidavit before a justice of the peace of Yalobusha county that J. A. Shannon was indebted to him for rent, on land alleged to be situated in said county.　On this affidavit, a warrant for distress was issued by a justice of the peace of Calhoun county; and the warrant, as well as the bond, recited that the leased premises were in Calhoun county. Certain cotton having been distrained under said warrant, Shannon replevied, gave bond for the property and caused Pate, the landlord, to be summoned before a justice of the peace in Calhoun county, before whom the cause was tried, resulting in a judgment for Shannon.　Appeal was taken to the circuit court of said county, and the plaintiff there objected to the affidavit and warrant relied on by defendant to support his avowry, because they alleged that the premises were in Yalobusha county.　The objection was sustained Thereupon Pate, the landlord, asked leave to amend the affidavit and warrant, so as to show the true location of the premises in Calhoun county.　The court refused to allow the amendment, and, judgment having been entered for the plaintiff, defendant appeals.

*W. S. Chapman,* for appellant.

The amendment should have been allowed.　The writ and all the papers showed that the tenant lived in Calhoun county. It is obvious that the insertion of Yalobusha county instead of Calhoun county in the affidavit was a mere inadvertence. The amendment could not possibly injure the appellee.　It should have been permitted, under the authorities.　See *Spratley* v. *Kitchens,* 55 Miss., 578; *Dogan* v. *Bloodworth,* 56 Miss., 419; *Dailey* v. *State, Ib.,* 475; *Hollingsworth* v. *Willis,* 64 *Ib.,* 152; *Payne* v. *Stovall,* 67 *Ib.,* 514; *Honea* v. *Page,* 60 *Ib.,* 248.

It was not necessary that the affidavit be made before the justice of the peace of Calhoun county.　*Cassedy* v. *Mayer,* 64 *Ib.,* 356; *Smith* v. *Jones,* 65 *Ib.,* 276.

The case is very different from *Dudley* v. *Harvey,* 59 Miss., 34.　There the affidavit failed to recite the statutory grounds

---

---

for issuing the warrant, and it was, in effect, as if no affidavit had been made.

No counsel for appellee.

Cooper, J., delivered the opinion of the court.

There is no error in the action of the court below, either in refusing the defendant leave to amend the affidavit upon which the distress warrant was sued out, or in quashing the warrant upon motion of the plaintiff.

A distress for rent is not a judicial proceeding, for it is returnable to no court in a pending suit, and serves only as authority to the officer to do what the landlord at common law could do for himself. Its legality rests upon conformity to the statute by the landlord in making the required affidavit and bond.

If, upon property being seized, the tenant, or a third person, impetrates a suit for the possession of the thing seized, the warrant, if legal, supports the avowry of the landlord of his right to the possession of the property. It is no more within the power of the court to permit an amendment to the affidavit upon which the validity of the writ depends than it would be to direct an amendment to a defective deed or power of attorney, relied on by a party plaintiff or defendant as a link in his chain of title. The making of the affidavit, as required by the statute, is a condition precedent to the issuance of the warrant; and if the condition is not performed, the warrant is illegal. The affidavit in this case was for rent due on lands in Yalobusha county; the warrant was issued by a justice in Calhoun county, directed to an officer in that county, and commanding him to seize the goods of the tenant for rent due and in arrear, on lands in that county.

The affidavit, confessedly, does not support the warrant issued, and it was properly quashed. *Dudley* v. *Harvey*, 59 Miss., 34. There is nothing in *Hollingsworth* v. *Willis*, 64 Miss., 152, or in *Payne* v. *Stovall*, 67 *Ib.*, 514, at all in conflict

with the decision in *Dudley* v. *Harvey*.  In the first of these cases the affidavit was sufficient, but contained an allegation wholly superflous and unmeaning.  This the court permitted to be struck out, and, since it would not have been of any effect if it had remained, it was held immaterial that it was struck out.  In *Payne* v. *Stovall* the objections were properly characterized as frivolous.

*The judgment is affirmed.*