### JOHNSON v. DOEBLER.

(Circuit Court of Appeals, Eighth Circuit. September 29, 1921.)

#### No. 215.

Bankruptcy ⬅288(1)—Summary proceeding not available to trustee to recover bankrupt's assets held by bankrupt's landlord.

A summary proceeding will not lie to determine the right of a trustee in bankruptcy to recover possession of the bankrupt's property held in good faith by the landlord of the bankrupt to enforce his lien reserved in the lease for rent; but such right can be determined only by a plenary proceeding.

Petition to Revise Order of the District Court of the United States for the District of North Dakota.

Summary proceeding by R. J. Doebler, as trustee in bankruptcy of the Electric Supply Company, against B. A. Johnson. An order of the referee for the trustee was sustained by the District Court, and defendant petitions to revise the order of the District Court. Order reversed, with directions to dismiss proceedings.

George H. Stillman, of Minot, N. D., for petitioner.
V. E. Stenerson, of Minot, N. D., for respondent.

Before HOOK and STONE, Circuit Judges, and TRIEBER, District Judge.

PER CURIAM. The only question involved in this cause is whether the referee in bankruptcy had jurisdiction to proceed summarily against the petitioner. The facts are:

A partnership doing business under the firm name and style of Electric Supply Company entered into a written contract on May 1, 1919, with the petitioner, for the lease of a store building to be occupied by the said copartnership for a term beginning May 1, 1919, and ending January 31, 1922, at a rental to be paid monthly for the entire term of

$82 per month; that among other provisions the lease contained the following:

"It is further stipulated and agreed by and between the parties hereto that first party [B. A. Johnson] shall have an express lien upon all property of second parties [W. S. Hulett, Ted B. Huff, Ernest L. Dalheim, copartners as Electric Supply Company] of every kind, nature, and description used, kept, or stored upon, in, or about said premises, to secure the payment of the rents reserved herein for the full term of this lease, and should said second parties fail to pay the said rents promptly as above specified, demand therefor being hereby expressly waived, or fail to perform and fulfill all or any of the covenants herein contained, then and in that case it shall be lawful for, and second parties do hereby authorize and empower, first party, his heirs, executors, administrators, or assigns, by himself or agent, to re-enter and take full and absolute possession of the above-described premises, and of the property therein contained, and hold and enjoy the same fully and absolutely, without such re-entering working a forfeiture of the rents to be paid, or the covenants to be performed by second parties, for the full term of this lease."

The lease was duly filed for record, as required by the laws of the state of North Dakota, in the office of the register of deeds of Ward county, N. D., on May 12, 1919. On July 1, 1919, the copartners, the lessees, formed and organized a corporation to be known as "the Electric Supply Company," to succeed and carry on the business of said copartnership, to which corporation the copartners transferred all of the property of the copartnership, the corporation assuming and agreeing to pay all of the obligations of said copartnership; that, agreeably thereto, said corporation continued to occupy and use said premises, and paid the rentals reserved in said lease therefor up to and including the month of September, 1920; that on September 30, 1920, said corporation notified petitioner that it was unable to pay the rental due and payable October 1, 1920, for said premises, and would be unable to perform any of the covenants of said lease, or to pay the rentals reserved therein thereafter, it being then insolvent; that on October 1, 1920, the general manager of the corporation delivered the keys to said premises to the petitioner, who thereupon immediately entered upon said premises under the terms of said lease, and, agreeably to the written request of the said general manager, took possession of all the property of said corporation on and in said premises, which consisted of a stock of electrical goods and appliances, and certain fixtures, tools, and machines; that thereupon, on October 7, 1920, the petitioner commenced proceedings by advertisement, agreeably to the statutes of the state of North Dakota, to foreclose the lien reserved to him in said lease, to secure the payment of the rents due, and to accrue under said lease, which proceedings were enjoined by the district court of Ward county, N. D., from proceeding further with the foreclosure by advertisement, and requiring him to have all further proceedings for the foreclosure of said lien, by action in said district court of Ward county, N. D.; that petitioner was preparing the necessary proceedings for the foreclosure of said lien by action as required in said restraining order; that on October 15, 1920, petitioner was notified that the Electric Supply Company, the corporation, had been adjudicated bankrupt in proceedings instituted on that day in the District Court of the United States for the District of North Dakota; that thereafter the respondent was

elected as trustee in bankruptcy of said corporation and on Novmber 4, 1920, he filed his petition with the referee in bankruptcy for said district for a summary proceeding against your petitioner; that thereupon the referee in bankruptcy entered an order requiring the petitioner herein to show cause why he should not forthwith deliver to the said trustee the full control and possession of all and every part of the property of the estate of said bankrupt, now in his possession and control; that the petitioner specially appeared before the referee on the date set for the hearing, and objected to his jurisdiction in the premises, claiming that he held adverse possession of said property under and by virtue of the mortgage lien reserved in the lease hereinbefore set out; that upon a hearing the referee overruled the objections to his jurisdiction and thereupon he was required to turn over said property to the trustee; that he filed a petition in the District Court of the United States for the District of North Dakota to review and reverse said order. Upon a hearing of the petition for review the court denied the petition and sustained the action of the referee.

It is undisputed that the petitioner was in actual possession of the property at the time and in good faith and with reasonable cause claimed the right to hold it adversely to the claim of the trustee in bankruptcy. The latest decisions of the Supreme Court have settled beyond controversy that a summary proceeding will not lie to determine the right of the trustee to recover the possession of the property, upon such a state of facts, but that only by a plenary proceeding can that question be determined. Weidhorn v. Levy, 253 U. S. 268, 40 Sup. Ct. 534, 64 L. Ed. 898; Galbraith v. Vallely, 256 U. S. 46, 41 Sup. Ct. 415, 65 L. Ed. 505, opinion filed April 19, 1921.

The court below erred in sustaining the order of the referee, and the cause is reversed with directions to dismiss the proceedings.

HOOK, Circuit Judge, participated in the hearing and concurred in the result, but died before the opinion was prepared.