BARLOW ET AL. *v.* SERIO.

[91 South.  573.  No. 22530.]

1. LANDLORD AND TENANT. *Nature of "attachment for rent."*
   An attachment for rent under section 2336 et seq., Hemingway's
   Code (section 2838 et seq., Code of 1906), is not a judicial pro-
   ceeding.  The writ is simply a mandate directed to the sheriff
   or any constable, by which this officer is required to distrain
   the goods and chattels of the defendant.

2. LANDLORD AND TENANT. *Where property attached for rent is re-
   plevied, the proceeding becomes a suit for the first time.*
   When the property levied on is replevied under the statute, the
   proceeding becomes for the first time a suit.

3. APPEAL AND ERROR. *Papers in attachment for rent not proper part
   of transcript, on appeal from judgment in action to replevy
   property levied on.*
   Unless the papers in attachment are made either exhibits to the
   pleadings, or introduced in evidence; they do not constitute a
   proper part of the transcript on appeal to this court, and will
   be stricken from the record on the proper motion.

APPEAL from circuit court of Bolivar county.

HON. W. A. ALCORN, Judge.

Action by San Serio against W. H. Barlow and others.
From default judgment for plaintiff, defendants appeal.
On motion to strike out part of record. Motion sustained.

*Shands, Elmore & Causey,* for appellant.

*Clayton D. Potter,* for appellee.

SYKES, P. J., delivered the opinion of the court.

The appellants, proceeding under section 2838 et seq.,
Code of 1906 (section 2336 et seq., Hemingway's Code),
sued out an attachment for rent against the appellee,
Sam Serio, under which process was issued to an officer,

and certain personal property was by this officer levied on and taken possession of. Sam Serio then replevied the property, and in due course, in the circuit court of Bolivar county, filed his declaration in replevin, to which the defendant pleaded an avowry, in accordance with the statute.

A default judgment was rendered against the defendants, from which judgment this appeal is prosecuted.

The appellants (the Barlows) have made a motion in this court to strike from the record their affidavit upon which the attachment was issued, the writ of attachment of the officer, and the return upon said writ, upon the ground that these papers, relating to the attachment, formed no proper part of the record in this case. These attachment papers above enumerated were not made exhibits to the pleadings, neither were they introduced in evidence.

Under rule 2 of the rules of this court—

"A transcript shall not contain any part of the case except the pleadings, evidence, instructions, bills, of exceptions, and the order, judgment or decree appealed from, unless the appellant shall, by writing, request other matters specified to be embraced in the transcript, a copy of which shall be annexed to the transcript."

In the case of *Pate* v. *Shannon,* 69 Miss. 372, 13 So. 729, it was held that:

"A distress for rent is not a judicial proceeding, for it is returnable to no court in a pending suit, and serves only as authority to the officer to do what the landlord at common law could do for himself. Its legality rests upon conformity to the statute by the landlord in making the required affidavit and bond."

Again, in the case of *Smith* v. *Jones,* 65 Miss. 276. 3 So. 740:

"An attachment for rent under the Code is not a suit, or the commencement of a suit. The writ is simply a mandate directed to the sheriff or any constable of the county, which any justice of the peace of the county,

129 Miss.—28

upon proper showing being made, is authorized to award, by which the sheriff or constable is required to distrain the goods and chattels of the tenant, to an amount sufficient to satisfy the claim of the landlord, and to sell or dispose of the same as prescribed by the statute. The writ is not made returnable to any court. It is in the nature of an execution upon a judgment for the amount of rent demanded, and is intended to be executed, and is executed, without the intervention of a court, unless its operation is arrested by the tenant, or a third person claiming the property distrained.''

Further on in this same opinion we find:

''When the property levied on is thus replevied, the proceeding becomes for the first time a suit. A suit is then and there commenced by the party replevying, in which he is plaintiff, and the landlord is defendant.''

Under these authorities this suit was begun in the circuit court when the property was replevied by the appellee (the tenant, Serio). And since the papers relating to the attachment were not made exhibits to the pleadings, and were not introduced in evidence, they form no part of the transcript in this case.

The motion is sustained, and the above attachment and and the above papers relating to the attachment are stricken out.

*Motion sustained.*