**1**

**Hollie D. PAYNTER, Trustee of Estate of Levi Creighton Smith, Bankrupt, Appellant, v. M. D. SLATOR et al., Appellees.**

(Circuit Court of Appeals, Fifth Circuit. November 19, 1925.)

No. 4564.

Appeal from the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

For opinion below, see 3 F.(2d) 40.

Asher R. Smith, of Laredo, Tex., and Henry A. Bundschu, of Kansas City, Mo., for appellant.

C. A. Wilcox and Ike D. White, both of Austin, Tex., F. Stevens and H. P. Drought, both of San Antonio, Tex., and Irelan Graves, of Austin, Tex. (White, Wilcox, Graves & Taylor, of Austin, Tex., on the brief), for appellees.

Before WALKER and BRYAN, Circuit Judges.

BRYAN, Circuit Judge. On November 20, 1923, one L. C. Smith was adjudged a bankrupt by a District Court in Missouri. He owned a half interest in a tract of land in Texas, upon which there was a deed of trust to secure the principal sum of $35,000. On December 4, 1923, the land was sold under the power given by the deed of trust. The purchaser at that sale had no notice of the bankruptcy proceedings. Appellant, at first receiver and then trustee in bankruptcy, learned of the bankrupt's interest in the land in January, 1924, and in September following filed a bill to set aside the sale. The bill avers that the land in controversy was worth more than the debt against it and that therefore the trustee had an equity in the bankrupt's half interest.

It is admitted in an agreed statement of facts that the total indebtedness at the time of the sale of the land under the deed of trust, including principal, interest, and attorney's fees, was upwards of $45,000. It appears that the testimony of five witnesses was taken upon the market value of the land, but what that testimony was is not disclosed by the record before us. The district judge found that the property was not worth more than the amount of the lien upon it at the date of the decree, and dismissed appellant's bill. It is conceded that the deed of trust constituted a valid lien. The presumption is that the decree of the district court was correct. There is no evidence to sustain a conclusion that it was erroneous. We must therefore assume that the value of the land did not exceed the amount of the lien, and that there was no equity in favor of the trustee in bankruptcy.

The decree is affirmed.

═══════

**2**

**Stephan RIESS, Plaintiff In Error, v. KERR STEAMSHIP COMPANY, Defendant In Error.**

(Circuit Court of Appeals, Second Circuit. October 7, 1925.)

No. 23.

In Error to the District Court of the United States for the Southern District of New York.

Stephen Crick, of New York City, for plaintiff in error.

Carver W. Wolfe and Hatch & Wolfe, all of New York City, for defendant in error.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Judgment affirmed in open court.

═══════

**3**

**ROBIN LINE STEAMSHIP COMPANY, Inc., Libelant-Appellee, v. Steam Tug SOCONY NO. 16, her engines, etc.; Standard Transportation Company, Claimant-Appellant.**

**STANDARD TRANSPORTATION COMPANY, Libelant-Appellant, v. Steam Tug "ROBIN GRAY," her engines, etc.; Robin Line Steamship Company, Inc., Claimant-Appellee.**

(Circuit Court of Appeals, Second Circuit. November 2, 1925.)

No. 68.

Appeals from the District Court of the United States for the Eastern District of New York.

Peter M. Speer, of New York City (Macklin, Brown & Van Wyck and Paul Speer, all of New York City, of counsel), for appellants.

Barry, Wainwright, Thacher & Symmers and James K. Symmers, all of New York City, for appellees.

Before HOUGH, MANTON, and HAND, Circuit Judges.

PER CURIAM. Decrees affirmed, with costs.