## ALLISON v. MORRIS PLAN CO. OF TAMPA.
### No. 7002.

Circuit Court of Appeals, Fifth Circuit.
Feb. 12, 1934.

James D. Moran, of Tampa, Fla., for appellant.

Morris E. White and O. K. Reaves, both of Miami, Fla., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The Morris Plan Company, hereinafter called Morris, attacking his jurisdiction to enter them, petitioned for a review of the orders of the referee denying its reclamation claim to twenty-five radios, classifying it as an unsecured creditor, except as to a lien upon moneys in its possession, ordering the sale of the radios and confirming the sale to the purchaser.

The District Judge found that the radios had been wrongfully taken from the possession of Morris, that the summary proceedings and the orders complained of were taken without jurisdiction. Reversing and vacating them, he directed the trustee to restore the radios to the claimant. The trustee appeals, insisting that there was jurisdiction by waiver and consent, Page v. Arkansas Natural Gas Corp. (C. C. A.) 53 F.(2d) 27; Brotherhood of Locomotive Engineers Securities Corp. v. L. Shepherd Lumber Co. (C. C. A.) 51 F.(2d) 153, if not otherwise, and that the referee correctly disposed of the matters before him. These are the controlling facts.

In the course of dealings since 1929 Morris had financed one Thurow in the buying and selling of radios, protecting its advances by title retention contracts and trust receipts, and by requiring sales, collections, and repossessions to be made for its account. As a part of the plan certain amounts were set up in reserve, and other arrangements were made which, while protecting Morris in its advances, secured Thurow in the enjoyment of the profits of the business. Without going into these arrangements in detail, it is sufficient to say that Morris was owner of the radios for security purposes. In 1931, Thurow incorporated himself as Thurow Radio & Refrigerator Sales, Inc., but keeping this fact from Morris, he continued with the consent and for the use and benefit of Thurow, Inc., to do business with Morris in his own name and in the same way.

In the summer of 1932 the business had shrunk until it consisted practically of Morris' repossessions. Thurow's accounts with Morris were in such shape that Morris was having to take for itself all the proceeds in order, in the face of a diminishing reserve, to protect its indebtedness. Finally Thurow, finding himself short in his Morris collections, and abandoning the business, Morris took charge of it to dispose of the radios of which it was absolute or security owner, according to the state of the accounts between it and Thurow, employed Smith as salesman, and paid the rent to the landlord. On September 12th, while Morris was actually installed in the premises of the bankrupt, with possession of the keys and in full charge of it, and having in its possession also the radios in question, which because of Thurow's default, and the state of the accounts it had taken completely over, the receiver, upon the order of the referee, demanded and forcibly obtained possession of the premises and the radios and caused Morris to be served with an order to show cause why the radios should not be sold.

There ensued a maze of confused proceedings into which Morris was drawn by the referee's insistence upon holding possession of and administering on the radios and Morris' contract. These resulted in a decree adverse to Morris and a forced sale of the property. Particularly in regard to the sale proceedings was the matter in a confused state, when Morris' petition for review was filed.

The action of the referee in wresting possession from Morris was wrongful in itself; it conferred no jurisdiction to proceed summarily, and nothing that followed did, unless Morris' appearance and part in the proceedings was voluntary and intended to confer jurisdiction over it.

The District Judge thought the initial wrongful assertion by force of the summary jurisdiction characterized the proceedings throughout. He thought the case was one in which zeal had outrun discretion, action, jurisdiction, to Morris' manifest prejudice and injury. Laying the ax to the root of the tree he effectually resolved all of the confused proceedings by doing completely away with them, leaving Morris and the trustee to settle their controversies by adjustment, or in a plenary proceeding.

We find no fault with this disposition. It is perfectly clear that for some time before the petition in bankruptcy was filed Morris was in physical possession of all the radios as absolute owner, if there was no equity in them for the bankrupt, as qualified owner for the purposes of security, if there was. In either event, there was no right in the bankruptcy court to have the radios except by recognizing and taking care of Morris' superior claim.

The orders appealed from are affirmed.