**IRBY, Constable, et al. v. COREY.**

No. 8662.

Circuit Court of Appeals, Fifth Circuit.

April 8, 1938.

Geo. B. Neville, of Meridian, Miss., for appellants.

Lyle V. Corey, J. O. Sams, and James T. Singley, all of Meridian, Miss., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Two questions are presented for decision upon this record; the summary jurisdiction of the bankruptcy court, and the nature of a landlord's lien for rent in Mississippi. The main facts are agreed upon and the others are not in dispute.

Within four months of the adjudication in bankruptcy, and while the tenant was insolvent, the landlord, in a manner prescribed by law, levied an attachment for rent which had accrued within the past twelve months. By order of the bankruptcy court, the constable, who had taken possession by virtue of a distress warrant issued by a justice of the peace, was dispossessed of the property, which consists of a stock of goods and merchandise, and the same is now held by the trustee in bankruptcy. The officer was also enjoined from selling, removing, or "disturbing in any manner" said property.

Necessarily, the bankruptcy court has jurisdiction to determine whether the facts exist which are requisite to give it summary jurisdiction. In the instant case, the first essential step to this end is to inquire into the nature of the landlord's lien, the adversary character of his claim, and whether it is real or colorable. The ascertainment of these facts will enable the court to determine the scope of its summary jurisdiction. If the claim is real and adverse, and the res is not within the actual or constructive possession of the bankruptcy court, it is without power to adjudicate the invalidity of such claim, except in a plenary proceeding. Mueller v. Nugent, 184 U.S. 1, 15, 22 S.Ct. 269, 46 L.Ed. 411, 7 A.B.R. 224. First Nat. Bank v. Chicago Title & Trust Co., 198 U.S. 280, 25 S.Ct. 693, 49 L.Ed. 1051, 14 A.B.R. 102, 107, reversing 7 Cir., 125 F. 169, 11 A.B.R. 79; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 Sup.Ct. 396, 68 L.Ed. 770, 2 A.B.R.,N.S., 912, reversing In re Cowen Hosiery Co., 2 Cir., 286 F. 351, 2 A.B.R.,N.S., 880; Shea v. Lewis, 8 Cir., 206 F. 877, 30 A.B.R. 436; American Finance Co. of Galveston v. Coppard, 5 Cir., 45 F.2d 154, 16 A.B.R.,N.S., 658.

The statutes relied on by appellants are sections 2175, 2186, 2187, 2188, 2189, 2191, 2195, 2203, 2220, and 2222 of the Mississippi Code of 1930. It is conceded by appellee that, by virtue of said section 2175, the landlord is entitled to priority of payment under section 64(b) (7) of the Bankruptcy Act, 11 U.S.C.A. § 104(b) (7), as held in Re Wall, D.C., 60 F.2d 573; but appellants are not satisfied with such equitable priority. They assert a legal lien under the common law and the statutes of Mississippi, paramount to all other liens, claims, and demands, and insist that such lien is not impaired by the Bankruptcy Act, provided the attachment is sued out and the distraint is made before the filing of the petition in bankruptcy.

We agree with appellants that this issue is controlled by Henderson v. Mayer,

225 U.S. 631, 32 S.Ct. 699, 56 L.Ed. 1233. It is not often that a federal Supreme Court decision from a sister state so directly in point may be cited. The case went up from Georgia, and it is interesting to note that the court called attention to the analogy of the landlord's lien in Mississippi, citing as authority Austin v. O'Reilly, 2 Woods 670, Fed.Cas. No. 665, which involved the rights of landlords in Mississippi. See, also, In re West Side Paper Co., 3 Cir., 162 F. 110, 15 Ann. Cas. 384.

■ The argument of appellee that the landlord has no 'lien except upon agricultural products overlooks the right of· seizure of chattels upon the leased premises which was exercised by the landlord in this case. Patty v. Bogle, 59 Miss. 491. It is true that the lien is inchoate prior to seizure, but it is of a class which is completed by an attachment "in the nature of an execution; or, more properly speaking, of a distress." Austin v. O'Reilly, supra. It is not a statutory lien, like that on agricultural products, but is derived from the common law. It arises from the relation between landlord and tenant, and is analogous to the general lien under the Georgia statute dealt with in Henderson v. Mayer, supra. The Mississippi statutes merely recognize the common-law right by providing a method of distraint which is the equivalent of a common-law distress. It is an administrative and not a judicial proceeding. Barlow v. Serio, 129 Miss. 432, 91 So. 573; Pate v. Shannon, 69 Miss. 372, 13 So. 729; Smith v. Jones, 65 Miss. 276, 3 So. 740.

There is language to the effect that a landlord has no lien for rent other than upon agricultural products, but it is generally found in cases involving an innocent purchaser for value before distraint, as in White v. Miazza-Woods Construction Co., 122 Miss. 213, 84 So. 181, or where bankruptcy preceded the distress ·for rent, as in Morgan v. Campbell, 22 Wall. 381, 22 L.Ed. 796, and Watkins v. Alexander & Garrett, 5 Cir., 283 F. 968. See, also, Shalet v. Klauder, 3 Cir., 34 F.2d 594.

In Patty v. Bogle, supra, the court traced the history of the Mississippi statutes, and said: "The failure of the tenant to perform the services annexed to his estate resulted in a forfeiture of the term, 'which was taken advantage of by the entry of the landlord, who thereby became reinvested in all his rights in the property as they existed before the donation to the tenant. The remedy by distress was borrowed from the civil law, and substituted for the more rigorous right of entry to avoid the lease. Instead of the term being forfeited by the neglect of the tenant, the land and its profits were considered as pledged to secure the rent, and therefore the lord in making distress was doing no more than taking into his possession the pledge for his debt, and, as he was therefore but possessing himself of his own, no proceeding at law was necessary to authorize the seizure."

■ In the light of the decisions which have been cited, it clearly appears that the lien for rent in this case was not created by legal proceedings but was inherent in the relation of landlord and tenant. It was completed and became specific upon distraint of the property in controversy. This property was in the actual possession of the officer and was being held adversely to the tenant when the petition in bankruptcy was filed. It is not claimed that its value exceeds the amount of the debt, and the statute requires distresses to be reasonable. Section 2203, supra. It is presumed that the officer did his duty, and there is no allegation in the pleadings or intimation in the briefs that the value exceeds the debt secured by the lien. The sole contention of the trustee is that the landlord's lien was created by legal proceedings and nullified by section 67(f) of the Bankruptcy Act, 11 U.S.C.A. § 107(f). This is what the court below held and what seems to us to be the gravamen of its error. Since the claim of the landlord was not merely colorable, but was both real and adverse, we think the court was without jurisdiction in a summary proceeding to dispossess the state officer and adjudicate that the lien was nullified by said section 67(f). Johnson v. Doebler, 8 Cir., 275 F. 822; Allison v. Morris Plan Co., 5 Cir., 69 F.2d 17. Cf. In re Smith, D.C., 3 F.2d 40, affirmed by this court under style of Paynter v. Slator, 5 Cir., 8 F.2d 1021, which was a plenary suit.

Reversed, and remanded for further proceedings not inconsistent with this opinion.

HUTCHESON, Circuit Judge (concurring specially).

I agree that the court below erred in holding that the landlord's lien was created by legal proceedings and nullified by

966

section 67(f) of the Bankruptcy Act. I agree too that it was not shown or even claimed that if the lien was valid there was any equity for the bankrupt. This being so, and there being nothing for the bankruptcy court to administer, I agree that it should not have taken jurisdiction. I agree, therefore, with the majority that the order should be reversed and the cause remanded. I cannot agree, however, that this should be done because the nature of the landlord's claim deprived the court of summary jurisdiction. I think the fault in the action was not in the form of the proceeding that it was summary, but in the result of it that it nullified a valid claim which was in excess of the value of the property on which it rested. Without an equity for the bankrupt, it was error to exercise jurisdiction over the property without regard to whether the proceeding was summary or plenary. Paynter v. Slator, 5 Cir., 8 F.2d 1021. If there had been an equity for the bankrupt, the error would not have been in taking summary jurisdiction to administer the property, but in holding that bankruptcy had dissolved the landlord's charge or lien. The majority seems to hold that the case was not one for summary jurisdiction not because of the want of equity for the bankrupt but because of the nature of the landlord's claim. I cannot agree with this view. I think it would have been a proper case for summary jurisdiction if there had been any equity for the bankrupt's estate. I think there should be a judgment of reversal, with directions to surrender the property.