CLEO WRIGHT *v.* WILLIAM P. CRAIG.

[45 South., 835.]

1. LANDLORD AND TENANT. *Rent. Attachment. Grounds for quashing writ. Code 1906, § 2845. Notice to tenant.*

Under Code 1906, § 2845, providing that the officer executing an attachment for rent shall give notice thereof, together with the cause of the seizure, to the tenant or his representative in person if to be found, a failure to give the notice will, on motion seasonably made, warrant the quashing of the writ, where the tenant could readily have been found; but after the party appears and pleads there is no occasion to quash the writ.

2. SAME. *Code 1906, § 2863. Form of replication. Code 1906, § 2871. Claimant.*

Code 1906, § 2863, giving a form of replication to an avowry in a proceeding begun by an attachment for rent, is applicable where the tenant replies; if a claimant of the property seized is to reply, the pleading should be conformed, as provided in Code 1906, § 2871, so as to present the proper issue.

FROM the circuit court of Sunflower county.

HON. SYDNEY M. SMITH, Judge.

Mrs. Wright, appellant, was plaintiff in the court below; Craig, appellee, was defendant there. From a judgment in defendant's favor plaintiff appealed to the supreme court.

Craig, appellee, as landlord, sued out an attachment for rent against M. A. Chambers and J. F. Wright, to recover $350 rent for the Craig hotel building alleged to be due and in arrears. Mrs. Wright, appellant, was in possession of the hotel as its manager when the sheriff levied the writ on certain furniture, in the hotel building, valued at $620. Chambers and Wright, the tenants, were not served with process or notice of the proceeding in attachment, although they could easily have been found. Mrs. Wright made affidavit claiming the property levied upon, and gave bond and kept it in her possession. Subsequently, and before any further steps were taken by Craig,

she made motion to quash the attachment writ and the return thereon because there had been no service of process upon either of the tenants; and filed a declaration in replevin against Craig, the landlord. To this declaration Craig filed a statutory avowry averring that he caused the officer to make the levy, that the taking was rightful, that Chambers and Wright owed him for rent as evidenced by their promissory notes, and that the property which had been levied upon belonged to them. To this Mrs. Wright, the appellant, replied traversing each averment of the avowry.

On the trial of the issue Craig offered in evidence a lease contract between himself and Chambers and Wright leasing the hotel building to them for three years and the rent notes executed by them. As a witness for Craig the sheriff of the county testified to making the levy and touching the value of the property levied upon, aggregating $620. Mrs. Wright sought to prove by her own testimony that the property levied upon was hers instead of that of Chambers and Wright, but upon objection of counsel for Craig this testimony was excluded. She then introduced Chambers, one of the tenants, who testified that he and Wright, although they had executed the notes, owed Craig nothing because of his violations of conditions in the lease. After all the evidence was in, the court peremptorily instructed the jury to find in favor of Craig the landlord, in the amount shown to be due on the notes given by the tenants, and directing the jury to find the value of the furniture from the evidence.

The sections of Code 1906, referred to in the opinion of the court, are as follows:

"2845 (2508). *Goods sold if not replevied.*—The officer making a distress or seizure shall give notice thereof, with the cause of taking, to the tenant or his representative in person if to be found, or if not found, by leaving such notice at the dwelling house or other conspicuous place on the premises charged with the rent distrained for, and shall forthwith advertise the property distrained or seized for sale as if under

execution; and if the tenant or owner of the goods distrained or seized shall not, before the time appointed for the sale, replevy the same by giving bond with sufficient sureties, to be approved by such officer, payable to the plaintiff in the attachment, in double the amount claimed, conditioned for the payment of the sum demanded, with lawful interest for the same. and costs at the end of three months after making such distress, the officer shall sell the goods and chattels distrained or seized at public sale to the highest bidder, for cash, and shall, out of the proceeds of the sale, pay the costs of the proceedings, and shall pay to the plaintiff the amount of his demand, with interest."

"2863 (2525). *The replication.*—If the avowry be for rent and supplies or either, claimed to be due and in arrears, the replication by the plaintiff shall be substantially in the following form, viz.:

"Thomas East

  v.  Circuit Court, ——— County.

William West.

"And the plaintiff, for replication, says he was not indebted to the defendant as stated in his said avowry; and of this the plaintiff puts himself upon the country."

"2871 (2533. *Proceedings to be as in replevin by tenant.*— The affidavit may be made before the officer having the property, and he shall make return of it and of the bond, if any, and the attachment papers, and summon the other party, as required in case of a replevin by the tenant; and the claimant replevying the property shall prosecute his suit against the party in whose name or right it was attached, in all respects as the tenant is required to do; and the pleadings and proceedings shall be conformed so as to present the proper issues."

*Chapman & Everett,* for appellant.

The claimant's motion to quash the affidavit in attachment should have been sustained, since the sheriff's return on the writ did not show service of process of any kind upon the tenants,

defendants in the attachment proceeding. Code 1906, §§ 141, 3926, 3927. Unless proper service is had upon the defendant no judgment can be rendered. Even a general return upon the writ, as for instance, "executed," will not suffice, but the strict provisions of our statutes as to service of process must be followed. *Ridley* v. *Ridley,* 24 Miss., 648; *Edwards* v. *Toomer,* 14 Smed. & M., 75. Secondary service of process to be valid, must show that the defendant could not be found in the county, and that a true copy of the original writ was left with some member of the defendant's family, over sixteen years old, willing to receive it. *Smith* v. *Cohea,* 3 How. (Miss.), 35; *Ford* v. *Coleman,* 41 Miss., 561; *Foster* v. *Simmons,* 40 Miss., 585; *Lamb* v. *Russell,* 81 Miss., 382, 32 South., 916.

In answer to the contention of appellee that the replication of Mrs. Wright, the claimant, to the avowry filed by Craig was not sufficient in its allegations, we say that Code 1906, § 2860, sets out the declaration; Code 1906, § 2862 the form of avowry; and Code 1906, § 2864 the replication. Appellant followed the statute law literally. And where pleadings are laid down in the statutes, if the statutes be literally followed the pleader has done all that is requisite in the matter.

*Johnson & Neill,* for appellee.

This proceeding was conducted, not under Code 1906, § 129, in reference to an ordinary attachment for debt, but under Code 1906, § 2838 in reference to an attachment for rent. The manner of executing the writ of attachment is accordingly not governed by Code 1906, § 141, but by Code 1906, § 2845.

The testimony that the claimant, Mrs. Wright, owned the furniture and that it did not belong to Chambers or Wright, was not admissible because not responsive to the pleadings. The avowry set up that the property was attached for rent due from Chambers and Wright, and that it was seized as their property. If the avowry were insufficient in law, a demurrer should have been interposed. This was not done, but the indebtedness of

Chambers and Wright to Craig was denied, and this was the sole issue for trial. In formulating her defense to the avowry the claimant doubtless considered that her right to the property depended upon the payment of the rent by the tenants under whom she evidently held. At any rate, the only issue presented was: do Chambers and Wright owe the rent claimed? The judgment of the court below gave the correct answer to this question, and should be affirmed.

WHITFIELD, C. J., delivered the opinion of the court.

There was much confusion in the trial of this case in the court below in respect to the pleadings. There is nothing in the record to show that Mrs. Wright was the representative of J. F. Wright or his partner. Code 1906, § 2845, expressly provides that the officer making a distress or seizure shall give notice thereof, together with the cause of taking, to the tenant or his representative in person, if to be found. Either one of the partners could readily have been found. The motion to quash should have been sustained; but, as the party came in later and pleaded, there is no occasion now to quash the writ on the return of the case to the court below.

Counsel for appellant say, correctly enough, that they literally followed the pleadings set out in Code 1906, ch. 76. The trouble is that they followed them too literally. Because of this the court below was led into error. Following literally the form of replication in Code 1906, § 2863, provided for the tenant, the issue made technically by the pleading was whether or not Mrs. Wright, or those under whom she held the hotel, owed any rent, and not whether the property was hers. The learned counsel should have noted Code 1906, § 2871, and the closing sentence therein, to-wit: "The pleadings and proceedings shall be conformed so as to present the proper issues." The replication for the tenant, of course, is not the proper replication for the third party, claiming replevin. The real issue before the court on the merits of the case was whether the property was the property of

Mrs. Wright, and it was error in the court to exclude testimony on this point.

This is the serious error in the case, for which the judgment must be reversed, and the cause remanded. Justice must not be sacrificed to any technical error in the pleading, when the real issue is plain.

*Reversed.*