DUNN v. HART ET AL.

[81 South. 795, Division A, No. 20718.]

LANDLORD AND TENANT. *Attachment for rent. Claim of property. Burden of proof.*

In an attachment for rent by a landlord, where a claimant files an affidavit of ownership of the attached property under Code 1906, sections 2868-2869 (Hemingway's Code, section 2366-2367). The burden is upon such claimant to prove his ownership of the property involved, but having proven ownership, the claimant makes out a *prima-facie* case, and the burden then shifts to the landlord to prove that, notwithstanding the fact that the property was owned by the claimant, when he acquired it, it was and still is subject to a lien for rent in his, the landlord's favor.

APPEAL from the circuit court of Hinds county. HON. W. H. POTTER, Judge.

Attachment for rent by H. B. Dunn against one McKeener, in which J. & B. Hart filed a claimant issue. From a judgment for claimant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Sivley Rhodes,* for appellant.

Appellant's theory of this case is that the sole and only issue in the lower court was as to the ownership of the property. As a matter of fact the trial court lost sight of the paramount issue to the jury. It is the further contention of the appellant that the burden of proof in this case was upon the claimants, John and Ben Hart, to establish by a preponderance of the evidence that they were the legal owners of the cotton. In the case of *Wright* v. *Craig,* 92 Miss. 218, which was a contest between a landlord and a claimant, the court held, that the real issue between those two parties was as to the ownership of the property; this case also construed section 2871 of the Code of 1906. Section 2869 of the Mississippi Code of 1906, provides that on the trial of the issue between the landlord and the claimant, the burden of proof to show ownership in the property shall be on the claimant. In the case at bar, not only the burden to show ownership, but the burden to show everything was cast upon the appellant, the landlord.

I wish to direct your attention briefly to the procedure followed in the trial of this case. The claimant assumed the initiative and presented first all the necessary evidence to show that they were the owners of the property attached; in other words they assumed the burden of proof. The appellant, the landlord, H. B. Dunn, then presented his evidence by way of defense. To cap the climax the court then came in and changed the entire procedure in the instructions, by shifting the burden from the shoulders of the claimant and placing it throughout the whole case upon the landlord. That was the natural result of this—to materially hurt and effect the cause of the landlord before the jury. In the trial of the case, the landlord had merely assumed

a defensive attitude, because the claimant had assumed the burden and was prosecuting his claim and the landlord was merely defending the claim interposed. The court through the instructions charged the jury that the burden of proof in the case to show everything was upon the landlord, and in as much as the landlord was merely defending the claim and was proceeding with the idea that he was not called upon to convince the jury by a preponderance of the evidence, naturally the jury formed the opinion that the landlord had presented the weakest case and that it was upon them to return a verdict for the claimant. I contend that the changing of tactics at the conclusion of this law suit, as shown by the record and as evidenced by the instructions, was a very serious error and one that was especially prejudicial to the cause of the landlord, the appellant, in view of the fact that this case presented a very close issue on the facts.

Let us now take up the instructions granted to the claimants and the one refused to the appellant, landlord. Take the claimant's instructions as a whole and they place the entire burden of the lawsuit upon the landlord. The instruction refused to the appellant, placed the burden upon the claimant to show that the cotton attached was not liable to attachment and that it was legally the property of the said claimants, Messrs. John and Ben Hart.

This instruction announces the law laid down in the *Spears Case* found in 71 Miss. Reports at page 774. The Spears case was a contest between an agricultural landlord and a claimant over some cotton raised on the landlord's premises by the tenant—the landlord attempting to fix his landlord's lien against said cotton for rent in arrear and the claimant claiming the property as his under the terms of a certain deed of trust. The Spears case fits the case at bar just like a glove. The following instruction was passed upon and ap-

proved in the Spears case." Instruction No. 4.—The court charges the jury that the burden of proof in this case is upon the plaintiff, W. E. Spears; he must show by the proof that he, and not someone else, at the time this suit was instituted, was entitled to recover the property in question." In other words the burden of proof was thrown upon the claimant and not upon the landlord. In the case at bar, the burden of proof was upon the landlord and not upon the claimant. I contend that the trial judge committed a serious error in refusing this said instruction No. 5 for the appellant landlord in the case at bar.

What does section 2869 of the Mississippi Code of 1906 mean when it says: " on the trial of the issue between the landlord and such claimant, the burden of proof to show ownership in the property shall be on the claimant?" Does this merely mean that all the claimant would have to show in a case like the one at bar is that he bought the property from the tenant and gave value for it? I contend that the claimant is called upon to go further. It being admitted by both sides in this case from the evidence that the cotton in question was grown upon the premises of the landlord, then I say that under the said section 2869 the claimant must allege and prove by a preponderance of the evidence that the cotton in question was not liable to be attached, because under section 2832 of the Code of 1906 the landlord is given a lien upon all agricultural products raised on the leased premises to secure the rent. The claimant is not the owner of the agricultural products raised on the leased premises, and cannot become the owner of said products, as long as the landlord has a lien on them for his unpaid rent, and it is up to the claimant to show that his ownership is superior to that of the landlord, and in order for him to show this, the burden is upon the claimant to prove that there is no landlord's lien against the

cotton. · In other words, the burden of proof is upon the claimant to show that the said cotton in question was not liable to be attached. The law of this state favors the landlord in regard to agricultural products raised on the leased premises being liable for the rent, and the cases in this state go so far as to hold, that the landlord has a right to follow the agricultural products raised upon his premises even into the hands of an innocent purchaser for value without notice and to subject them to the payment of his rent. In other words, the world is put on notice in this state that when you buy agricultural products like cotton, you buy it at the risk of having a landlord's lien against it, and it is up to the purchaser to make reasonable inquiries and find out if there are any liens against it. What does the proof show in this case? The claimants, John and Ben Hart bought this cotton merely upon the statement of the tenant that there were no claims against it. The appellant landlord attached the cotton—the tenant did not contest the attachment proceedings, so under the statute, the landlord was proceeding to sell the cotton to satisfy his lien, when the claimant stepped in and filed an affidavit and said: "We are the owners of the cotton." It then resolved itself into a contest between the claimant and the landlord as to the ownership. The court should bear in mind that as between the tenant and the landlord there was no issue, as the tenant by not contesting the attachment proceedings, admitted all that the landlord had charged, and that the first issue that was raised was the claim propounded by a third person the claimants, John and Ben Hart. The claimants raised the issue of ownership of the cotton, and under the said section 2869 of the Code, the burden was on them to prove that they were the owners of the property. They could not own the property under

the law of this state if there was a landlord's lien against it and it was up to the claimants to show that this said cotton was not liable to a landlord's lien. The trial court did not require the claimants to shoulder this burden, and I contend that the court committed a very serious error in shifting this burden upon the landlord.

Conclusion. In the case at bar the trial judge permitted three different issues to go to the jury over the objection of the appellant landlord, and these different issues confused the jury and prejudiced the side of the appellant before the jury. The court permitted the jury to try the issue of the payment of the 1916 back rent, the issue of the payment of the 1917 advances, and the issue of the payment of 1917 rent all at the same time. The admission of all this immaterial testimony was prejudicial and very harmful to the cause of the appellant landlord and I contend that it was a very serious error and that this case should be reversed and remanded for a new trial on that ground alone. The trial court incorrectly announced the law governing this case, when he granted the three instructions for the claimants and refused the one asked for by the appellant landlord. When you bear in mind the fact that this case was tried upon one theory up to the time of the granting of the instructions, and then in the instructions, the jury were advised to try it upon another theory, and then in addition to this, the jury were trying three different issues at the same time, can it be said that the appellant landlord received a fair and impartial and a legally correct trial at the hands of the jury and the court.

I respectfully contend on behalf of the appellant that this case should be reversed and remanded for a new trial.

*Watkins & Watkins,* for appellees.

As we understand it, there is no disagreement between opposing counsel and ourselves that in the case of the arrest of the attachment by the tenant, the burden of proof is upon the tenant, as plaintiff, on an issue made by the landlord by the first defense, to wit, a denial that the goods were seized on his demand or at his plaint. Section 2861, Code 1906.

And as we understand it, there is no disagreement between opposing counsel and ourselves that in the case of the arrest of the attachment by the tenant, the burden of proof is upon the landlord, as defendant, on the issue made by the landlord by the second defense, to wit, on avowry that the goods were rightfully seized for rent. Section 2864, Code 1906.

But the disagreement between opposing counsel and ourselves is as to the issues and burden of proof in the case of the arrest of the attachment by a third person, as claimant. In the one place in this brief opposing counsel says: "Appellant's theory of this case is that the sole and only issue in the lower court was as to the ownership of the property." And in another place opposing counsel says: "In other words, the burden of proof is upon the claimant to show that the said cotton in question was not liable to be attached." And in another place opposing counsel says: "They (meaning the claimant) could not own the property under the laws of this state if there was a landlord's lien against it, and it was up to the claimants to show that said cotton was not liable to a landlord's lien." If we understand opposing counsel correctly, it is his contention that if the attachment is not arrested by the tenant, then those facts the landlord would have to avow and prove in the case of the arrest of the attachment by the tenant, are to be taken as true in the case of the arrest of the attachment by a third person; or are at least to be taken as *prima-facie* true, with the

possible right in the claimant to show them untrue if he can, if that is what is meant by his statement above quoted that it is up to the claimants to show that the cotton was not liable to a landlord's lien.

"And the claimant replevying the property shall prosecute his suit against the property in whose name or right it was attached, in all respects as the tenant is required to do; and the pleading and proceedings shall be conformed so as to present the proper issues."

In the case of replevin by the tenant the landlord is required to avow and prove the existence of the lease contract and the amount of unpaid rent that is due. And it seems to us that it would be a very harsh and unreasonable rule that would relieve the landlord of this burden in cases where he had attached property that did not belong to his tenant, but to third persons, who had interposed their claim therefor. In fact, there is no such harsh and unreasonable rule as contended for by counsel for appellant, as we shall show.

This court as early as the year, A. D., 1858, had occasion to pass upon the above proposition in the case of *Lavinge* v. *Russ,* 36 Miss. 326, which was a case of replevin by a third person instead of the tenant. We contend, and will undertake to show, that the burden was upon the landlord in the case at bar, to go one step further than he would have had to go, had the tenant been entitled to and had replevied the cotton, and that was, to show that the cotton attached was subject to his landlord's lien.

In other words, we not only contend that the burden was upon the landlord to avow and prove what he is required to avow and prove in case of replevin by the tenant, but in addition thereto, that the cotton attached was grown on the leased premises during the term for which the rent was due. The cotton, the court will remember, was not attached on the leased premises, but in the city of Jackson, in the warehouse of the Gulf

Compress Company, where it was on bailment as the property of the claimants, J. & B. Hart.

It is true, as stated by opposing counsel, that a person who buys cotton upon which there is a landlord's lien for rent, however, innocently and in good faith, cannot defeat the landlord's lien. The rule of *caveat emptor* applies. *Newman* v. *Bank,* 66 Miss. 323; *Eason* v. *Johnson,* 69 Miss. 371. But it is also true, though not stated by opposing counsel, that he who seeks to take from another his property by virtue of an alleged paramount landlord's lien thereon, must prove the existence of that lien. The burden is not upon the claimant in such case to prove there is no lien, but upon the landlord to prove there is.

As helping the court to arrive at what facts the landlord should avow and prove in the case at bar, we desire to call to the court's attention the fact that the landlord has two remedies where agricultural products upon which he claims a lien for rent, have been purchased by a third person from his alleged tenant. He may attach the products for the rent, if he desires to do so; or he may sue the purchaser for the amount of his rent, not to exceed the value of the products purchased. *Newman* v. *Bank,* 66 Miss. 323, 5 So. 753; *Eason* v. *Johnson,* 69 Miss. 371, 12 So. 446; *Powell* v. *Smith,* 74 Miss. 142, 20 So. 872; *McGrath* v. *Barlow,* 21 So. 237.

If the landlord elects to attach the cotton in the hands of the purchaser, it stands to reason that he should be required to avow and prove just what he would be required to allege in his declaration, and prove, had he elected to sue the purchaser for the amount of his rent, not to exceed of course the value of the cotton purchased. It seems to us that opposing counsel should agree with us on this proposition.

If appellant had elected to sue appellees for the amount of his alleged rent of four hundred pounds of

lint cotton because of their purchase of the two bales of cotton from McKeever, he would have had to allege and prove, first, that he, as landlord, leased to McKeever, as tenant, certain premises for the year 1917 for four hundred pound of lint cotton as rent; second, he, McKeever, as said tenant, is indebted to him, as said landlord, in the amount of said rent; and third, that the cotton purchased by the appellees of McKeever was grown upon the said leased premises during the term of said lease.

If the rule were otherwise, and the burden upon the defendant purchaser, to show that there was no lease contract; or if there was, that the rent was paid; or if the rent was not paid, that the cotton purchased was not raised on the leased premises, how utterly impossible it would be in practically all such cases for the defendant to discharge the burden cast upon him. Very often the purchaser of agricultural products is in some distant part of the state to that in which the products were grown, and the difficulties in his way of proving the negatives just mentioned, would be insurmountable. A negative is hard to prove at best, and under such circumstances would be impossible.

It is very clear from the cases annotated under section 2832, Code 1906, in which the landlord has undertaken to sue purchasers of agricultural products upon which he claims a landlord's lien for rent, that the burden is upon him to prove the three propositions stated by us above.

Now, just because the landlord finds the cotton which has been purchased by another, or rather, thinks he has found the cotton, and elects to attach the cotton for the rent instead of entering suit against the purchaser for what reason should he be required to allege and prove less than he would be required to allege and prove had he elected to sue the purchaser?

Opposing counsel bases his contention upon section 2869, Code 1906, as follows: Sec. 2869. (2531). Burden of proof.—On the trial of the issue between the landlord and such claimant, the burden of proof to show ownership in the property shall be on the claimant."

At common law the property of third persons found upon the demised premises could be seized by the landlord and subjected to the payment of rent. And as heretofore stated by us, the landlord could not make a distress of even his tenant's property off the premises. This right of the landlord to seize and subject to the payment of his rent the property of third persons found upon the demised premises, has been abrogated in this state by section 2867, Code 1906, and the right to follow his tenant's goods for a limited time after removal from the premises, given the landlord by section 2850, Code 1906.

Opposing counsel cites two cases in support of his contention that the sole and only issue allowable in cases like the one at bar, is as to the ownership of the property, whether it be that of the tenant or that of the claimant, as to which issue the burden of proof is upon the claimant. We do not deny that on the issue of ownership, whether the property attached be that of the tenant or that of the claimant, the burden of proof is upon the claimant. On that issue the burden of proof is placed upon the claimant by the above quoted section to show ownership in himself, and not in the tenant.

One of the cases cited by opposite counsel, to wit, *Spears* v. *Robinson*, 71 Miss. 774, 15 So. 111, approves the following instruction in reference to the claimant, Spears, to wit: "The court charges the jury that the burden of proof in this case is upon the plaintiff, W. E. Spears. He must show by the proof that he, and not some one else, at the time this suit was instituted, was entitled to recover the property in question."

The court approved the instruction under the above quoted section 2869, Code 1906, which was then section 2531, Code 1892. The other case cited by opposing counsel is that of *Wright* v. *Craig*, 92 Miss. 218, 15 So. 835, in which case it appears that one Craig sued out an attachment for rent of a hotel, and levy was made upon certain furniture on the leased premises that was claimed by a Mrs. Wright. The statutory pleadings for cases of replevin by tenants, were literally followed by the parties, with the result that when the parties came finally to an issue, the issue was whether or not the tenants owed the landlord rent. It seems from a reading of the opinion, that there was never any very serious contention that the tenants did not owe the landlord rent, but the real issue before the court on the merits of the case was whether the property was the property of Mrs. Wright, though the real issue did not appear from the pleadings. The trial judge put the case to the jury on the issue as made by the pleadings; but this court decided that the trial judge should have ignored the technical error in the pleadings, when the real issue was plain. The attorneys in this last case mentioned should have conformed the pleadings so as to present the proper issues, and not followed literally the statutory form.

We submit that learned counsel for appellant falls into grave error when he concludes from the above case that because the real issue in it was as to whether or not Mrs. Wright owned the property, that therefore no other issue than that can be raised. Suppose that the tenant of Craig had made Mrs. Wright a present of the furniture, and that the claim of Craig for the three hundred and fifty dollars as rent was utterly false and trumped up, then if opposing counsel's contention is correct, and only the issue of ownership can be raised by the claimant, Mrs. Wright must fail, because she is not a *bona-fide* purchaser of the furniture for a valua-

ble consideration. *Richardson et al.* v. *McLaurin,* 69 Miss. 70, 12 So. 264.

The landlord may attach for rent his tenant's goods and chattels on the leased premises, or goods that have been removed therefrom within thirty days of the attachment. And if the tenant replevy the property attached, the landlord must justify it by avowing the relation of landlord and tenant, and that the rent is unpaid. This rule applies also to the attachment of agricultural products, except there is no limit of thirty days in which to attach them after their removal from the leased premises.

The property attached in the case of *Richardson et al.* v. *McLaurin,* was still on the demised premises when attached, and Mr. McLaurin discharged the burden cast upon him by the law when he showed his purchase, for value. Likewise, the appellees in the case at bar, discharged the burden cast upon them by the law to prove ownership, when they showed that they purchased the cotton of McKeever for value, and the cotton could not then be taken from them except the landlord discharged the burden cast upon him by the law, to prove the relation of landlord and tenant, and that the rent was due and unpaid, and that the cotton was subject to his landlord's lien for same, that is to say, was grown upon the leased premises for the term covered by the lease for which the rent was due and unpaid.

Section 2869, Code 1906, which was section 2531, Code 1892, is no innovation upon the law. "This section is merely declaratory of what was already the law in this state," says Justice Woods in the Spears case referred to by opposing counsel. There is no catch in it when rightfully understood. Here is my horse in the tenant's pasture on the demised premises. My horse is attached as being the tenant's. I interpose a claim for him. The law casts the burden upon me to show he is mine, which I can do by showing how I came by him, whether

by purchase from a third person or by purchase from
the tenant himself before distress. In other words, the
burden is not upon the landlord to show he is not mine,
but the tenant's. He is on the demised premises, and
I must show he is mine. This is but fair and proper,
as the claimant is put to the proof of an affirmative
matter, which is easier to prove than a negative.

The appellees discharged the burden of proof cast
upon them to prove ownership when they proved that
they purchased the cotton from McKeever, for value,
As a matter of fact, the testimony of Mr. Ben Hart, who
purchased it, shows that he went further and made en-
quiry as to their being a lien on the cotton by asking
McKeever if there was anything against it, and McKee-
ver said there was not. In fact, the ownership of the
cotton in appellees was not disputed.

Now, whether they owned the cotton subject to a
landlord's lien for rent in favor of appellant, was a
matter that was up to him to establish, and he either
failed to show that McKeever was due him any rent,
or he failed to show he had a lien therefor upon the
cotton attached.

We do not know under what theory counsel for
appellant was trying this case, which theory he says
the judge entirely overthrew with the instructions;
but we tried it on the theory announced in the instruc-
tions we requested for the appellees, and which were
granted by the court, to which instructions opposing
counsel objects. We will not here set out the instruc-
tions. They are short and will be found all on one
page of the transcript, to wit, page 78.

If appellees introduced any evidence out of order,
it was not objected to by opposing counsel, and he can-
not complain here of that which he did not object to
below. However, we submit that in our opinion the
case was properly tried as to the introduction of evi-

dence regardless of the burden of proof, on the various issue.

We think opposing counsel's instructions which he requested and had granted by the court, correctly announces the law. They necessarily place the burden of proof upon the appellant to show the very things we contend the burden of proof is upon him to show; for it is up to a litigant to prove those things a jury must believe in order to find in his favor.

The instruction requested by appellant, and which was refused by the court, and which refusal appellant says was error on the part of the trial judge, will be found on page 81 of the transcript. The instruction is at variance with the law as we understand it, and as we have undertaken in this brief to show it to be.

We submit that the testimony that was admitted by the court over the oibjection of appellant was competent as will appear from a reading of the record. If it had not been, however, it was all brought out over again by counsel for appellant on his cross examination. And besides, it was not a matter that the jury could become confused on.

In conclusion. We submit that the appellees discharged the burden upon them when they proved ownership for the cotton by purchase for value from McKeever, and that it was up to the appellant, if he desired to take the cotton from them to subject it to a demand he had for rent against McKeever, to prove the lease contract, and that the rent was unpaid, and that he had a landlord's lien on the cotton purchased by them for the rent, and that the issues involved in the case, and the burden of proof on those issues were properly submitted to the jury under the instructions granted by the trial judge. The ownership of the cotton at the time of the attachment was not an issue in the case. It was conceded that the cotton was owned by appellees by purchase for value from McKeever, and in no wise

disputed; unless the statement of appellant's counsel, which we have quoted, is true, that appellees "could not own the property under the laws of this state if there was a landlord's lien against it, and it was up to the claimants to show that said cotton was not liable to a landlord's lien," which we submit is not true. We became the owners of said cotton by said purchaser subject, however, to any paramount lien thereon. And we submit that the burden of proof was upon him who asserted the paramount lien, to establish it.

Opposing counsel seems to be under the impression that the tenant could have interposed a claim for the cotton, and that because he did not, but the claimant, that therefore the landlord is relieved of proving the things he would have been obliged to prove had the tenant interposed the claim. We do not think in the first place, that the tenant could have replevied the cotton. It was not the tenant's cotton, but the cotton of the appellees, and they alone had the right to replevy it. We think, however, in the second place, that it is immaterial whether the tenant could have replevied the cotton or not, and believe we have shown that the same rule applies, and then some.

While of course, it does not appear in the record, we do not think it would be improper for us to state the opposing counsel availed himself of the right allowed by law by section 2864, Code 1906, of opening and concluding the argument, which is given to the landlord as defendant because of the burden of proof upon him.

We most respectfully submit that the case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

The appellant sued out an attachment for rent to recover the sum of one hundred and sixteen dollars, alleged to be due him by his tenant, McKeever, and the

writ was levied upon two bales of cotton in the possession of a compress company. The appellees, claiming to be the owners of the cotton, filed an affidavit to that effect under the provisions of section 2868, Code of 1906 (section 2366, 1 Hemingway's Code), and the case was heard thereon by a justice of the peace, and in due course came to and was tried in the court below, resulting therein in a verdict and judgment for the claimants.

There is no merit in either of the questions submitted to us by the appellant's assignment of errors, one of which is that by several instructions the jury were charged that the burden of proving that the cotton here in question was subject to a lien for rent in his favor was on the appellant. In support of his contention that this charge to the jury was erroneous, the appellant invokes the provisions of section 2869, Code of 1909 (section 2367, I Hemingway's Code) which provides that: "On the trial of the issue between the landlord and such claimant, the burden of proof to show ownership in the property shall be on the claimant."

In a proceeding of this character the claimant is the plaintiff, and has the burden of proving his ownership of the property involved. By proving ownership the claimant makes out a *prima-facie* case, and the burden then shifts to the landlord, the defendant, to prove that, notwithstanding the fact that the property is owned by the claimant, when he acquired it, it was and still is subject to a lien for rent in his, the landlord's, favor; consequently the court below committed no error in granting the instructions here called in question. *Lavigne* v. *Russ,* 36 Miss. 326.

This case having originated in a court of a justice of the peace, the case of *Wright* v. *Craig,* 92 Miss. 218, 45 So. 835, is not here in point; the question presented there being primarily one of pleading.

*Affirmed.*