Fore v. United States Fire Ins. Co.

[92 South. 628. No. 22726.]

1 INSURANCE. *Failure to cancel does not waive breach.*

On the receipt of information by an agent of insurer who is authorized to issue and to cancel policies of insurance that one of the provisions of a policy issued by him, a violation of which renders the policy void, has been violated, he is not called on to either cancel the policy or return the unearned premium until requested so to do, in the absence of a provision in the policy so requiring, and in the absence of any affirmative act by him in recognition of the continued existence of the policy or that would mislead the insured into believing that he intended to waive the forfeiture, the insurer may plead the breach of the condition as a defense to liability when sued on the policy.

2. INSURANCE. *Insured may plead breach of condition avoiding policy without tendering unearned premium in absence of provision to contrary.*

When sued on an insurance policy the insurer may plead the breach of a condition in the policy which avoids it without tendering the unearned portion of the premium with his plea in absence of a provision in the policy requiring the unearned portion of the premium to be returned by the insurer before the forfeiture becomes effective.

APPEAL from circuit court of Madison county.

HON. W. H. POTTER, Judge.

Action by O. R. Fore against the United States Fire Insurance Company. From judgment for defendant, plaintiff appeals. Affirmed.

*Robert Powell* and *R. S. Powell*, for appellant.

In the *Western Insurance Co.* v. *Ashby* (*Ind. App.*), 102 N. E., 45, the court says: "Where the policy upon which suit was instituted provided that it should be void if the insured obtained further insurance and there was a breach of this provision, the court held that the evidence showed knowledge of the breach before the loss occurred and the lower court was warranted in finding a waiver saying: "The doctrine is well established in this state that the provision in such policy rendering it void upon certain conditions, means voidable at the option of the insured; and that to render it void, upon discovery of the facts by which liability may be avoided, it must act with reasonable promptness, must notify the insured of its election to avoid the policy, tender back, or in some appropriate way restore or offer to restore the unearned premium received, and upon failure so to do be deemed to have waived the right to so declare the policy void, and to have elected to treat it as a valid contract of insurance. A like result was reached in the case of *State L. & Ins. Co.* v. *Jones,* 48 Ind. App. 186, 92 N. E. 879.' "

In *Shutts* v. *Milwaukee Mechanics Insurance,* 159 Mo. App. 436, 141 S. W. 15, the court held the change of location of the insured property without the insurer's consent was held merely to render the contract voidable and the insurer's right to declare a forfeiture are held to have been waived, where after knowledge of the removal by its agent, it retained the premium and remained silent until a loss occurred.

So where a policy stipulates that it should become void if the property is subsequently incumbered, it has been held that the provision is waived and a policy continued in force where the insurer, before loss, has notice of the breach of the condition but fails to cancel the policy. See *Kelly* v. *Peoples National Ins. Co.,* 104 N. E. 188, and so in *Hollstron* v. *Forrest City Ins. Co.,* 168 Ill. App. 214,

it was held where the policy provided that if any incum-
brances were executed on the insured property or any
change of title take place, the contract would be void;
a breach of this condition by the insured in mortgaging
the property was held to be waived where the insurer's
agent had notice of the fact before loss, but took no ac-
tion to avoid the policy. To the same effect is the case
of *Metropolitan Life Ins. Co.* v. *Johnson*, 49 Ind. App.
233, 94 N. E. 785, 11 Am. & Eng. Ency. of Law, p. 342,
sec. 7, and numerous cases cited thereunder. Also page
336, sec. 2, 67 Kansas, page 71, Amer. State Reports, page
382.

Our own supreme court has in effect held that the
breach of an insurance policy does not render it void but
only voidable. See *Insurance Co. of North America* v.
*Daniel W. Pitts*, 88 Miss. 587, in which this court says:
"If a house be occupied, at the time it is burned, an in-
surance company cannot escape liability because of a
provision that its policy was to be void should the house
become vacant and remain unoccupied for ten days, al-
though it became vacant and remained unoccupied for ten
days during the life of the policy."

"ADDITIONAL INSURANCE CLAUSE MAY BE WAIVED: A
PAROL WAIVER AND BY ASSENT. We have conclusively
shown that there can be a parol waiver or the company
may be estopped from claiming non-liability under a
policy because the waiver of the terms is not endorsed on
the policy as it requires. Now let us see if this applies
to the additional insurance clause. The Mississippi
Supreme Court has said:

In *Insurance Co.* v. *Sheffy*, 71 Miss. 925: "It has for-
merly been held, that not only notice of the other in-
surance, prior or subseqeunt, must be given, but also
that it must be indorsed upon the policy when so pro-
vided therein. But the tendency of the courts laterly is
towards a more liberal construction in favor of the as-
sured, and there is now no question but that oral notice
and an oral assent, or acts amounting to an assent, with-

out an indorsement upon the policy, is sufficient.'' See, also, *Insurance Co. v. Smith,* 117 Miss. 338. Following the same line of thought as expressed by our court, we find that Mr. Cooley in his Briefs of Insurance Law, Vol. 3, page 2665 (so.) says: "The weight of authority supports the proposition that an insurance company waives or is estopped to assert a violation of the terms of an insurance contract if the company, on being notified of the violation, remains silent and fails to object or to declare a forfeiture, or cancel or rescind the contract, within a reasonable time,'' and see Vol. III, page 2666, for mass of supporting authorities. Also 51 L. R. A. (N. S.) p. 262, note and numerous cases cited.

This idea is the only just and equitable one, and the one that this court will adopt in order that full and exact justice may be done to all. The idea presented by the defendant cannot possibly be adopted for in substance they say, you must release us from liability because our contract said so. It does not matter that by our actions we restrain this plaintiff from adequately protecting his property. Surely so unjust a plea will not be sustained, but rather will the idea be adopted that was advanced by the Alabama court in *Alabama State Mutual Insurance Co.* v. *Long Clothing & Shoe Co.,* 123 Ala. 667, 26 So. 658. See, also, *Phenix Insurance Co.* v. *Groves,* 215 Ill. 299, 74 N. E. 142; *Swedish Am. Insurance* v. *Knutson,* 67 Kan. 71, 72 Pac. 526.

Retention of premiums after notice of additional insurance, is a waiver of breach. *Miss. Home Insurance Co.* v. *Dobbins,* 81 Miss. 627, 631. In the first of the above cases, the court quotes Joyce on Insurance, Vol. 3, sec. 2486, and makes part of its opinion the following, to-wit: ''If the policy provides that it shall be void in case of other insurance upon the property, unless notice has been given and the company's consent be compelled to return the premium for the remainder of the term which the policy would have to run, unless the policy provides that the insurer may cancel upon returning the premium for

the unexpired term. In such case the insurer must either cancel the policy and return the premium, or else the policy will continue in full force and effect.''

The policy in the case at bar contained such a clause. *Robers* v. *Homes Ins. Co.,* 155 Mo. App. 276, 136 S. W. 743; *Swedish American Ins. Co.* v. *Knutson,* 67 Kan. 71, 100 Am. St. Rep. 382, 72 Pac. 526.

Under the Nebraska decisions, the fact of vacancy does not, *per se,* annul the policy, but merely gives to the company the right to treat it as void. On notice of the vacancy, it may decline to take advantage of the forfeiture, and in that event the policy will remain in force. *Home Fire Ins. Co.* v. *Kuhlman,* 58 N. E. 488, 76 Ann St. Rep. 111, 78 N. W. 936; *Slobodisky* v. *Phenix Ins. Co.,* 52 Neb. 395, 72 N. W. 483. But it is at most, only voidable.

Due notice being established, a waiver was held, the only inference properly to be deduced from the fact that the company, for more than ten months after notice of additional insurance, made no attempt to cancel its policy. *Phenix Ins. Co.* v. *Holcombe,* 57 Neb. 622, 73 Am. St. Rep. 532, 78 N. W. 300.

Where a policy provided that if a premium was not paid at maturity, the company should have the right to cancel the policy, and at its option, might revive it after full payment of the principal, interest, and charges had been paid, it was held that affirmative action was necessary to constitute a forfeiture, and where the policy was not cancelled until after loss, the right to cancel was waived. *Western Horse & Cattle Ins. Co.* v. *Scheilde,* 18 Neb. 495, 24 N. W. 620, 25 L. R. A. (N. S.) —.

In *Appleton Iron Co.* v. *British American Assur. Co.,* 46 Wis. 23, 1 N. W. 9, 50 N. W. 1100, it is said to be well settled in Wisconsin that forfeiture because of change of title, the policy becomes voidable and at the election of the insurance company, not void, and that an insurance company cannot sleep upon its intent to avoid the policy to the prejudice of the insured. That the forfeiture may be waived by the laches of the insurance company mis-

leading persons interested in the policy, to their prejudice. *Phenix Ins. Co.* v. *Boyer,* 1 Ind. App. 329, 27 N. E. 628.

If the insurer knows of a change of conditions which he might object to, and for which he might cancel the policy but keeps still and holds the premium, he should not be heard to object when called on to make good the loss. *North British & M. Ins. Co.* v. *Steiger,* 124 Ill. 81, 16 N. E. 95. The fact that a company, although cognizant of the forfeiture, did not cancel the policy, but retained the unearned premium without objection, was held to amount to an estoppel. *German Ins. Co.* v. *Churchill,* 26 Ill. App. 206.

If notice be given to an insurer of additional insurance obtained in violation of the terms of the policy, and no objection is made within a reasonable time, the company will be estopped from asserting a forfeiture on that ground. *Phenix Ins. Co.* v. *Spiers,* 87 Ky. 285, 8 S. W. 453. The court says that the assured has a right to infer therefrom that the company may not insist upon it, it has not spoken as to a matter for its benefit when it could and should have done so to prevent another from being misled to his probable injury. If it had done so he probably might have protected himself by other insurance. Its silence under such circumstances is a consent to the additional insurance. A forfeiture upon this ground is not for fraud. It may cancel the policy by reason of it, but if it does so, it must refund a proper proportion of the premium. It cannot therefore remain mute with the knowledge of the existence of the ground of forfeiture, and, if there be no loss, retain the entire premium, but if there be one, rely upon breach of the contract.

If the company upon receiving notice of a breach of the policy, does not avail itself of a provision authorizing it at any time to cancel the policy by returning the unearned premium, its liability continues. *Phoenix Ins. Co.* v. *Coomes,* 13 Ky. L. Rep., 238, 20 S. W. 900. An in-

surer cannot, after notice and failure to avail itself of the privilege to cancel or forfeit the policy for over-insurance, defeat it on that ground. *Turner* v. *Providence-Washington Ins. Co.*, 86 Mo. App. 387.

Where a policy issued by a duly authorized agent having power to waive a forfeiture has been breached, and he has knowledge of the fact, good faith requires that he return the unearned premium; and his failure to do so is evidence of waiver. *Miller* v. *Insurance Co. of N. A.*, 160 Mo. App. 205, 80 S. W. 330. To the same affect are the following cases: *Kelmutz* v. *German Fire Ins. Co.*, 127 Mich. 460; *Schurr* v. *State Ins. Co.*, 30 Ore. 29; *Union Nat. Bank* v. *Manhattan Ins. Co.*, 52 L. A. Ann. 26; *German Amer. Ins. Co.* v. *Harper*, 75 Ark. 98; *Horton* v. *Home Ins. Co.*, 122 N. C. 498; *Polk* v. *Western Assurance Co.*, 114 Mo. App. 514; *Brady* v. *Prudential Ins. Co.*, 9 Mass. 6; *O'Brien* v. *Prudential Ins. Co.*, 33 N. Y. Supp. 67.

The court will see from the foregoing authorities a large majority of the courts and text-writers support our contention. The appellee relies upon the following Mississippi cases to support his view, to-wit: *Homes Insurance Company* v. *Scales*, 71 Miss. 975; *Riverside Development Co.* v. *Hartford Fire Ins. Co.*, 105 Miss. 184; *Aetna Insurance Co.* v. *Mount*, 90 Miss. 642.

*A. A. Armstead,* for appellee.

Appellant cannot claim an estoppel by reason of E. A. Howell having advised Roberts, the agent, that the plaintiff had taken out additional insurance. He cannot claim estoppel by information derived from some third person or a rumor from some outside source for the reason that in law estoppels are mutual. There would have been no mutuality in any estoppel based upon information of Roberts derived from outside sources than the appellant. Estoppels operate only between parties and privies. 61 Cyc, page 777.

The definition of what conduct on the part of the agent will work a waiver as has been again stated by our supreme court in the case of the *Riverside Development Company* v. *Hartford Fire Insurance Company,* 105 Miss. 184, at the bottom of page 212 and page 213. The court on the examination of this case will see that the Company defended on the ground that the agent was a stockholder in the corporation to which the policy was issued and that the policy was thereby void because it was done without the consent and approval of the company, but before the merits were litigated an appraisement of the loss was demanded by the company, which failed, and suit was instituted and then the defense made of the policy being void for the reasons above stated, the reply to which was "that the issuance of this policy was reported to appellee by its agent shortly after it was issued, and because it then raised no objection thereto, counsel for appellant contends that it thereby ratified its agent's act. In this they are in error, for the reason that the ratification of an invalid act of an agent follows upon the failure to object thereto only when the principal has full knowledge of the circumstances which render the act invalid. The fact that appellee's agent was one of appellant's stockholders was learned by it shortly after the loss occurred and appellants contend that it then became its duty to promptly repudiate its agent's act in issuing the policy if it desired not to be bound thereby, and by not so doing it is now estopped from exercising that right. In this appellant is in error, for all that appellee was required to do in this connection was to so act as to mislead appellant to its prejudice."

We submit from these authorities that the rule in Mississippi, whatever may be the rule in other states, and to which the court can find any shade of opinion it may look for, is that silence will never operate as an estoppel unless it is a fraud upon the other party; that is, inducing the other party to do some act which would mislead the other party into the idea that his policy was

perfectly valid, and if he did the act suggested by the agent that the policy could be collected. The exact reverse of that situation is presented in this case.

Was There a Duty Upon the Agent to Return Any Unearned Premium? Counsel relies on the *Dobbins case* in 81 Miss. At page 623, is one case and at page 630 of the same volume is the other case. These cases have no application whatever, it is respectfully submitted, to the case now under consideration. In the first *Dobbins case,* on page 623 of 81st Miss, the court will see from a statement of the facts in that case that the fire occurred on the 23rd day of October. Dobbins notified the agent on the 24th of October; that is, the day after. The agent was paid the premium some time in the afternoon of October 25th, the second day after the fire, and, in addition to that, after having received the premium with full knowledge of the forfeiture, the agent told Dobbins that he would report the matter to the company, and, more than that, Dobbins came to the agent to get blank proof to make proofs of loss and the agent furnished them to him. Judge Whitfield says, on page 625, that this was for the purpose of making proofs; that there would have been no sense in the act otherwise, and the court said that after having received the premium after the fire, with full knowledge of the forfeiture, and furnishing blank proofs of loss to be made out, treating the policy as if valid, that these facts were evidence of a waiver, and the court had held that to be true, and the case was affirmed on that ground. In the other Dobbins case reported on page 630 of 81 Miss., the policy was taken out in July, 1901; the premium was paid to the company on September 1, 1901, by the local agents; and the fire occurred October 23, 1901. Dobbins came in to the office of the local agents on October 24th (the next day after the fire) and notified them of the fire, when the plaintiff was told that the premium had not been paid by him, although the agents had previously paid the company, and the premium was then paid to the local agents

(that is, on October 24th, the next day after the fire). The court held that they could not accept the premium after the fire and then, with knowledge of the forfeiture, retain it. These cases have no application here. In this case the premium was paid at the time the policy was issued; it was not accepted after knowledge of the forfeiture.

Concluding the discussion of the Dobbins cases on page 668 of 90 Miss., Judge MAYES uses this language, which fits the case at bar, we respectfully submit, like a glove: "We do not think that either one of the cases in 81 Miss. and 33 So. holds, or intended to hold, that the mere fact, unaccompanied by any other circumstance, where knowledge comes long after the premiums are paid and the insurance effected and loss occurs, and when the only contest that exists between the parties is as to liability under the policy, that the insurance company does not offer to return the unearned premiums, will estop it from claiming the forfeiture: nor do we find any other case that holds this." In both the Dobbins cases it clearly appears that the insurance company had done something affirmatively changing the condition of the insured and thereby creating an estoppel on the part of the insurance company to claim the forfeiture. In both those cases premiums were received by the insurance company after the loss had occurred, and when it was manifest that the company knew of the loss, or knew such facts and circumstances as would bind it with knowledge. No such case is presented here. The premiums in this case were paid at the time the policies were issued, and the breach of the condition was not discovered until after the loss occurred. The insurance company denied liability as soon as the adjuster reached the place where the fire occurred. In this case, under its facts is was not necessary for the insurance company to tender the unearned premium until there was a demand made upon it for same and an offer on the part of the insured to surrender the policy. No demand having ever been made for the

unearned premium and no offer having ever been made to surrender the policy, the insurance company had a right to wait for this." There can be no distinction drawn between this language of this opinion and the pending suit, except the naked distinction that the breach of the policy was learned after the fire occurred. Now, applying the rule in the *Scales case, supra,* there the breach of the policy was known by Hibbler, the agent "before" the fire occurred, and the court said that there was no duty upon Hibbler to see that policy-holders did not violate their policies, and in the Mount case, Judge Mayes said that in order to create an estoppel there must "clearly appear that the insurance company has done something affirmatively changing the condition of the insured." Now, it does not make any difference, we respectfully submit, whether this conduct on the part of the company "changing the condition of the assured" happens before or after a loss, because the misleading of the assured would be the same. Therefore, I say that there can be no distinction drawn between the estoppel arising by acts and conduct of the agent, whether before or after a loss, and this is expressly held in the case of *Rivara* v. *Insurance Company,* 62 Miss. 720. So the argument of counsel about the rights of parties being fixed by the fire has no force in the consideration of when the estoppel arises. I respectfully submit that nothing was done by the agent Roberts to mislead Dr. Fore or affirmatively changing his condition, as said by Judge Mayes. On the contrary, Dr. Fore was doubly insuring his property, and now, after having collected six thousand dollars, we assume, from the Hartford Fire Insurance Company on his building, the total insurance value of which was five thousand dollars he seeks to collect two thousand dollars additional out of this defendant.

Where a policy is forfeited by a violation of its terms and there is no waiver of the same, no part of the unearned premium need be returned.

We ask the court to refer to volume 2 of Cooley's Briefs on Insurance, at page 1045, where will be found this rule, supported by authorities too numerous to quote in this brief: "It is the general rule that, if a policy of insurance has become void because of a violation of the conditions by the insured whereby a valid forfeiture is incurred there can be no recovery of the unearned premium."

"Even where the policy provides that, if it should become void, the unearned portion of the premium shall be returned on the surrender of the policy, this does not prevent the company, in a suit thereon, from resisting recovery on the ground that the policy was forfeited, and at the same time retaining the premium."

The court will find under this discussion the authorities on that question. Of course, where the policy has never attached and the assured has never enjoyed any insurance, there is no consideration for the premium, and the premium can be recovered back. This is expressly held in Cooley's Briefs, Vol. 2, at page 1043, where the court uses this language: Failure of risk to attach. "It is a principle of almost elementary character that, if the risk has once attached, there can be no return of the premiums, citing *Hendricks* v. *Commercial Insurance Co.,* 8 Johns. (N. Y.) 1, *Plummer* v. *Insurance Co. of North America,* 114 Maine 128, 95 Atl. 605; *Elder* v. *Federal Insurance Co.,* 213 Mass. 389, 100 N. E. 655.

I submit that the right to cancel the policy was a right to be exercised either by the assured, the plaintiff in this case, or the company, and if the plaintiff wanted to insure his property in excess of the amount permitted by his contract, he had the right to cancel this insurance without delay and then insure it for any sum on earth he might be able to obtain, but as long as he held this particular contract he was limited in the amount of insurance he could carry.

We ask the court to read the case of *Bouldin* v. *Insurance Company,* 100 Miss., opinion by Justice McLEAN,

especially the concluding part of the opinion as to rights of the respective parties to an insurance contract and its binding effect upon them.

We call the court's attention to the further point in this case that the information as to the additional insurance did not come from the assured, the plaintiff. It was a rumor which had reached the agent's ear through Mr. E. A. Howell, and Roberts wrote the letter of September 3, 1920, to the assured, asking him for the truth of his information, as assured Fore, had given the agent none. The idea of an estoppel or a waiver arises from the acts and the conduct of the parties to the contract of insurance by which the assured is mislead to his prejudice by some act of the agent; and there is nothing in this case showing that there is any such conduct between the plaintiff and the agent who issued the policy sued on.

I respectfully submit that the demurrer to the rejoinder should be overruled.

SMITH, C. J., delivered the opinion of the court.

This is an action at law by the appellant on a fire insurance policy for two thousand dollars issued to him by the appellee. By a special plea the appellee set forth a provision of the policy that:

"This entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void, if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

And it further alleged: That permission for additional insurance on the property covered by the policy to the amount of two thousand dollars was indorsed on the policy, but that the appellee had procured other insurance thereon to the amount of eight thousand dollars, making the total insurance on the property ten thousands dollars;

that, its agent having "heard through outside sources that this additional insurance in excess of the amount permitted by defendant's policy sued on had been taken out by plaintiff in this suit on the same property covered by this defendant's policy sued on herein, the said agent of this defendant, B. L. Roberts, at once wrote the plaintiff, Dr. O. R. Fore, the following letter, which was received by him in due course of mail which is in words and figures, to-wit: '.    .    .    We are advised by Mr. E. A. Howell, that you have obtained an additional policy of six thousand dollars covering on your residence through Mr. T. E. Bourgeois, making a total together with the two thousand dollars written by the Bank agency of ten thousand dollars on your residence. In our opinion five thousand dollars is the extreme limit of insurable value of this building in its present condition. Of course, you have not advised us regarding what other insurance you may have on the building, so we would appreciate it, should there be more than five thousand dollars total insurance on the building, that you advise us, so that we may adjust it, either by reduction or the cancellation of our two thousand dollars or a reduction of your other insurance carried. Thanking you very much indeed for your kind attention.    .    .    .'

"That the request made in said letter was ignored by the plaintiff herein, and not complied with, nor was said letter answered in any way."

The appellant's reply to this plea admitted its allegations, except that it denied that the request made of him in the letter of the appellee's agent therein set forth was not complied with, and alleged:

"That he immediately answered the said letter from B. L. Roberts informing him fully of all the additional insurance taken upon the property covered by the policy sued on herein, and telling him that there was now not ten thousand dollars, but only eight thousand dollars, on the property, and said, 'I hope that this would be satisfactory,' but received no reply to said letter, and he

charges that, with full knowledge of the existence of the said additional insurance defendant's agent, B. L. Roberts remained silent, did not cancel this policy sued on herein nor return the unearned premium thereon, and plaintiff supposed and had a right to believe that the policy sued on herein would be allowed to stand in force, and, had he not believed this, he could and would have gotten other insurance."

The appellee by a rejoinder denied that its agent had received the letter referred to in the appellant's replication. No part of the premium paid on the policy was tendered by the appellee either with its plea or rejoinder. To this rejoinder the appellant demurred, and, upon his demurrer being overruled, declined to plead further, and there was a judgment final for the appellee.

· One of the provisions of the policy, a copy of which was attached to the declaration, is:

"If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of the policy."

The appellee's agent herein referred to was authorized by it to issue and cancel policies of insurance.

The questions presented to us for decision are: First, did the appellant through its agent waive the additional insurance provision of the policy, or, because of its agent's conduct, is the appellee estopped from pleading the provision as a defense? and, second, can the appellee plead that provision of the policy as a defense to liability therein without tendering the unearned portion of the premium with its plea?

The appellee's agent was not called on to take any affirmative action when he learned of the breach of the additional insurance clause of the policy sued on (*Insurance Co.* v. *Scales,* 71 Miss. 975, 15 So. 134, 42 Am. St. Rep. 512), nor to return the unearned portion of the premium paid thereon until called on therefor (*Ætna Ins. Co.* v. *Mount,* 90 Miss. 642, 44 So. 162, 45 So. 835, L.

R. A. [N. S.] 471). He was called on to refrain from any affirmative act in recognition of the policy's continued existence, or that would mislead the appellant into believing that he intended to waive the additional insurance provision. *Miss. Home Ins. Co.* v. *Dobbins,* 81 Miss. 623, 33 So. 504; *Miss. Home Ins. Co.* v. *Dobbins,* 81 Miss. 631, 33 So. 506. His letter to the appellant cannot be construed as an approval of the additional insurance; for it is simply a request for a verification of the information he had received from other sources and expressly states that the appellee would not approve a total insurance on the property of more than five thousand dollars.

Since the appellant's letter to the appellee's agent was not received by him, it cannot, and we do not understand counsel for the appellant to contend that it should, be taken into consideration here.

It was not necessary for the appellant to tender the unearned portion of the premium with its plea. The policy provides that the unearned portion of the premium shall be returned but "on surrender of this policy." Consequently the appellant is not called on to return it until the policy is surrendered. *Ætna Ins. Co.* v. *Mount, supra.* It is true that in this case it was said that the insured had a right to rely on the breach of one of the conditions of the policy "and plead it and then and there tender with its plea the unearned portion of the premium." But this remark as to the tender of the unearned portion of the premium was not called for by the case there presented to the court for decision. No such question was raised therein; the unearned portion of the premium having been tendered with the plea.

*Affirmed.*